**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., AL JAZEERA MEDIA NETWORK, ASIA TV USA LTD., B4U U.S., INC., GEO USA LLC, IMPRESS TELEFILM, INC., MBC FZ LLC, MSM ASIA LTD., SOUNDVIEW BROADCASTING LLC, SOUNDVIEW ATN LLC, STAR INDIA PRIVATE LTD., and VIACOM18 MEDIA PRIVATE LIMITED,<br><br>            Plaintiffs,<br><br>v.<br><br>SHAVA IPTV NETWORK LLC, NADEEM BUTT, IMRAN BUTT, and NAEEM BUTT, individually and together d/b/a Shava TV,Cres IPTV, Iraa Enterprises, and Maple Electronics,<br><br>            Defendants. | Case No. 1:15-cv-00706-TSE-IDD |

_____/

**PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S., Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., Viacom18 Media Private Limited, (collectively, "Network Plaintiffs") and DISH Network L.L.C. (together with Network Plaintiffs, "Plaintiffs") bring this suit against Defendants Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together d/b/a Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively, "Defendants"), and state as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this suit for copyright infringement, trademark infringement, and unfair competition because Defendants are capturing broadcasts of Plaintiffs' television channels

and unlawfully retransmitting these channels over the Internet to customers of their Shava TV and Cres IPTV services throughout the United States. Defendants profit from the scheme by selling Shava TV and Cres IPTV set-top boxes which provide access to the service and which retail for $279 to $349 per unit depending on the service. Defendants also use Plaintiffs' unique channel logos and marks to intentionally deceive consumers by giving the false impression that Defendants provide lawful broadcasts of the channels with Plaintiffs' approval or are otherwise associated with Plaintiffs. In truth, Defendants are not authorized to retransmit Plaintiffs' channels or use Plaintiffs' logos and marks in any manner, and Plaintiffs have received no compensation from Defendants' services. Written demands asking Defendants to cease infringing Plaintiffs' rights have gone unanswered, prompting this suit for damages and injunctive relief.

## PARTIES

2.      Plaintiff Al Jazeera Media Network ("Al Jazeera") is a corporation organized under the laws of Qatar, with its principal place of business located at Al Jazeera Media Network Building, P.O. Box 23123, Doha, Qatar. Al Jazeera provides Arabic and English language television channels, including Al Jazeera Arabic News, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, and Al Jazeera English (collectively, the "Al Jazeera Channels"). Al Jazeera owns copyrights in works that are broadcast on the Al Jazeera Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

3.      Al Jazeera owns the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the Al Jazeera Arabic News, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, and Al Jazeera English channels (collectively, the "Al Jazeera Marks"). The Al Jazeera Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Al Jazeera Channels, including in the United States, by Al Jazeera and its affiliates.

4.      Plaintiff Asia TV USA Ltd. ("Zee") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at One Penn Plaza, 250 West 34th Street, Suite 3501, New York, New York 10119. Zee provides Hindi language television

channels, including Zee TV and Zee Cinema.  Zee owns copyrights in works that are broadcast on the Zee TV channel, including the right to distribute, publicly perform, and reproduce the works in the United States.

5.      Zee is licensed to use the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the Zee TV and Zee Cinema channel (the "Zee Marks").  The Zee Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Zee TV and Zee Cinema channels, including in the United States, by Zee and its affiliates.

6.      Plaintiff B4U U.S., Inc. ("B4U") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 39 W. 32nd Street, Suite 1401, New York, New York 10001.  B4U provides Hindi language television channels, including B4U Music and B4U Movies (collectively, the "B4U Channels").  B4U owns copyrights in works that are broadcast on the B4U Music channel, including the right to distribute, publicly perform, and reproduce the works in the United States.

7.      B4U is licensed to use the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the B4U Music and B4U Movies channels (collectively, the "B4U Marks").  The B4U Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the B4U Channels, including in the United States, by B4U and its affiliates.

8.      Plaintiff GEO USA LLC ("Geo") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1 Sanctuary Street, London, SE1 1ED, United Kingdom.  Geo provides Urdu language television channels, including Geo TV and Geo News (collectively, the "Geo Channels").  Geo owns copyrights in works that are broadcast on the Geo Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

9.      Geo is licensed to use the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the Geo TV and Geo News channels

(collectively, the "Geo Marks").  The Geo Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Geo Channels, including in the United States, by Geo and its affiliates.

10.     Plaintiff Impress Telefilm, Inc. ("Impress Telefilm") is a corporation organized under the laws of the State of New York, with its principal place of business located at 40 Shahid Tajuddin Ahmed Sarani, Tejgaon Industrial Area, Dhaka-1208, Bangladesh.  Impress Telefilm provides Bangla language television channels, including Channel-i.  Impress Telefilm owns copyrights in works that are broadcast on the Channel-i channel, including the right to distribute, publicly perform, and reproduce the works in the United States.

11.     Impress Telefilm owns the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the Channel-i channel (the "Channel-i Marks").  The Channel-i Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Channel-i channel, including in the United States, by Impress Telefilm and its affiliates.

12.     Plaintiff MBC FZ LLC ("MBC") is a limited liability company organized under the laws of the United Arab Emirates with its principal place of business located at Dubai Media City, Building 3, P.O. Box 72627, Dubai, United Arab Emirates.  MBC provides Arabic language television channels, including MBC1, MBC Drama, MBC Kids also known as MBC3, and MBC Masr (collectively, the "MBC Channels").  MBC owns copyrights in works that are broadcast on the MBC Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

13.     MBC is licensed to use the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the MBC1, MBC Drama, MBC Kids / MBC3, and MBC Masr channels (collectively, the "MBC Marks").  The MBC Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the MBC Channels, including in the United States, by MBC and its affiliates.

14.     Plaintiff MSM Asia Ltd. ("MSM") is a corporation organized under the laws of the United Kingdom, with its principal place of business located at 25 Golden Square, London, W1F 9LU, United Kingdom.  MSM provides Hindi language television channels, including Sony SET, SET Max, and SAB (collectively, the "MSM Channels").  MSM owns copyrights in works that are broadcast on the MSM Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

15.     The affiliates of MSM own the unique channel logos and marks that are associated with and prominently displayed during the broadcast of the MSM Channels and MSM being the sole and exclusive distributor of the MSM Channels in the United States, MSM is authorized to use and include these logos and marks in the MSM Channels (collectively, the "MSM Marks"). The MSM Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the MSM Channels, including in the United States, by MSM and its affiliates.

16.     Plaintiffs Soundview Broadcasting LLC and Soundview ATN LLC (together, "Soundview") are limited liability companies organized under the laws of the State of New York, with a principal place of business located at 3601 37th Avenue, Long Island City, New York 11101.  Soundview provides Bangla language television channels, including ATN Bangla, Banglavision, and NTV Bangla (collectively, the "Soundview Channels").  Soundview owns copyrights in works that are broadcast on the Soundview Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

17.     Soundview owns the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the ATN Bangla, Banglavision, and NTV Bangla channels (collectively, the "Soundview Marks").  The Soundview Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Soundview Channels, including in the United States, by Soundview and its affiliates.

18.     Plaintiff Star India Private Ltd. ("Star") is a corporation organized under the laws of India, with its principal place of business located at Star House, Urmi Estate, 95, Ganpatrao

Kadam Marg, Lower Parcel, Mumbai 400013, India.   Star provides Hindi language television channels, including Star India Plus and Life OK (collectively, the "Star Channels").   Star owns copyrights in works that are broadcast on the Star Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

19.     Star owns the unique channel logos and marks that are associated with and prominently displayed during each broadcast of the Life OK channel, and is licensed to use the unique channel logos and marks that correspond with the Star India Plus channel (collectively, the "Star Marks").  The Star Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Star Channels, including in the United States, by Star and its affiliates.

20.     Plaintiff Viacom18 Media Private Limited ("Viacom18") is a corporation organized under the laws of India, with its principal place of business located at Zion Biz World, Subhash Road 'A', Vile Parle (East), Mumbai – 400 057, Maharashtra, India.  Viacom18 inter-alia broadcasts various Hindi language television channels, including Colors, Aapka Colors, MTV Hindi also known as MTV India, and Rishtey (collectively, the "Viacom18 Channels"). Viacom18 owns copyrights and/or has necessary rights in the content that is broadcast on the Viacom18 Channels, including the right to distribute, publicly perform, and reproduce the works in the United States.

21.     Viacom18: (a) owns the unique channel logos and marks that are associated with and prominently displayed during the broadcast of content on Colors, Aapka Colors, and Rishtey channels, and (b) is licensed to use unique channel logos and marks that are associated with and prominently displayed during the broadcast of content on MTV Hindi / MTV India (collectively, the "Viacom18 Marks").   The Viacom18 Marks have been used continuously in commerce for several years in the broadcasting and advertisement of the Viacom18 Channels, including in the United States, by Viacom18 and its affiliates.   Some of the said marks are also registered in the United States, thereby giving Viacom18 the exclusive right to use the said marks/channel logos in connection with their broadcast.

6

22.     Plaintiff DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.  DISH is the third largest pay-television provider in the United States, delivering copyrighted programming to millions of subscribers nationwide by means of satellite and over-the-top ("OTT") services, whereby programming is delivered using a public Internet infrastructure.  DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

23.     DISH contracts for and purchases rights for most of the international channels distributed on its platform from network affiliates and their agents, such as Network Plaintiffs. Pursuant to written agreements, DISH has the right, in many instances the exclusive right, to distribute and publicly perform in the United States the works that air on certain of Network Plaintiffs' channels, by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  DISH also has the right, in many instances the exclusive right, to use the logos and marks that correspond with Network Plaintiffs' channels in the course of distributing those channels in the United States.

24.     In addition to channels licensed from Network Plaintiffs, DISH has the exclusive right to distribute and publicly perform in the United States the works that air on the following channels, by means including satellite, OTT, IPTV, and Internet:  Aaj Tak, Aastha Bhajan, Al Hayah 1, Al Hayah Cinema, ARY Digital, ARY News, Dream 2, Dunya TV, ESC, Express News, Future TV, Headlines Today, Iqraa, Jaya TV, LBC, MH1, Murr TV also known as MTV Lebanon, NBN, New TV also known as Al Jadeed, Nile Drama, Noursat, ONTV, and OTV (collectively, the "Additional DISH Channels").  DISH also has the right, in many instances the exclusive right, to use the logos and marks that correspond with the Additional DISH Channels in the course of distributing those channels in the United States (collectively, the "Additional Marks").

25.     Defendant Shava IPTV Network LLC is a limited liability company organized under the laws of the State of Virginia, and believed to have its principal place of business located

at 1616 Fort Fisher Court, Dumfries, Virginia 22026.  As recorded by the Virginia Secretary of State, the registration of Shava IPTV Network LLC was cancelled on or about December 31, 2012 for failure to pay renewal fees.

26.     Defendant Nadeem Butt is a natural person believed to be residing at 15260 Lord Culpeper Court, Woodbridge, Virginia 22191.  On information and belief, Nadeem Butt served as a member, manager, and/or officer of Shava IPTV Network LLC.  Nadeem Butt is also believed to be an owner and operator of:  (i) www.shavatv.com ("ShavaTV.com"), the official website of the IPTV service provided under the fictitious business name "Shava TV;" (ii) www.cresiptv.com ("CresIPTV.com"), the official website of the IPTV service provided under the fictitious business name "Cres IPTV;" (iii) www.iraaenterprises.com ("IraaEnterprises.com"), the official website of the Shava TV and Cres IPTV dealer using the fictitious business name "Iraa Enterprises;" and (iv) www.maplelectronics.com ("Maplelectronics.com"), the official website of the Shava TV dealer using the fictitious business name "Maple Electronics."

27.     Defendant Imran Butt is a natural person believed to be residing at 52 West Park Avenue, Bradford, Ontario, L3Z 0A7, Canada.  On information and belief, Imran Butt served as a member, manager, and/or officer of Shava IPTV Network LLC.  Imran Butt is also believed to be an owner and operator of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, as well as the websites that correspond with these businesses.

28.     Defendant Naeem Butt is a natural person believed to be residing at 2600 Finch Avenue West, #515, North York, Ontario, M9M 2G4, Canada.  On information and belief, Naeem Butt is an owner and operator of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, as well as the websites that correspond with these businesses.

29.     On information and belief, Defendants Nadeem Butt, Imran Butt, and Naeem Butt authorize, control, participate in, and receive direct financial benefits from the illicit activities of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics alleged herein.  Among other things, Nadeem Butt, Imran Butt, and Naeem Butt are believed to run the day-to-day operations

of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, and make all final decisions regarding the business of Shava Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics.

## JURISDICTION AND VENUE

30.    Plaintiffs assert claims under the Copyright Act, 17 U.S.C. § 101 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

31.    Personal jurisdiction over Defendants is proper in this Court because they have each purposefully directed their conduct towards, and have each purposefully availed themselves of the privileges of conducting business activities within, the State of Virginia by, among other things, transmitting, supplying, and offering to transmit and supply the Shava TV and Cres IPTV services and set-top boxes to customers and business partners in the State of Virginia and the Eastern District of Virginia, causing injury to Plaintiffs in this State and in this District.   In addition, this Court has personal jurisdiction over Defendants Shava IPTV Network LLC and Nadeem Butt because they reside in the State of Virginia.

32.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) because Defendants Shava IPTV Network LLC and Nadeem Butt reside in this judicial district; 1391(b)(2) because a substantial part of the events that give rise to this action occurred within this judicial district; and 1391(b)(3) because this Court has personal jurisdiction over at least one Defendant.  Defendants Imran Butt and Naeem Butt are nonresidents that may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).  Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DEFENDANTS' WRONGFUL CONDUCT

33.    On information and belief, Defendants own and operate the Shava TV service. Defendants describe Shava TV as an IPTV service offering "a great mix of Indian, Pakistani, Arabic, Persian, Afghani, Somali, Turkish, Kurdish, Bengali, Taamil, Hindi, Punjabi, English, Sports, Cartoon channels and much more."  According to Defendants, Shava TV also enables

users "to watch Free Full Length movies and dramas for all Pakistani [and] Indian Channels and from Hollywood to Bollywood."

34.     Defendants, however, have conceded that "Shava TV is not a regular TV service." Defendants do "not guarantee nor claim[ ] any rights to the content viewable through Shava TV." Rather, Defendants claim to "find … sources and take the signals to your TV sets," specifically "the streams of all the channels/programs." Defendants have informed their customers that, as far as copyrights and trademarks are concerned, Defendants make no promises of "non-infringement of intellectual property or other violation of rights."

35.     On information and belief, Defendants also own and operate the Cres IPTV service. Defendants describe Cres IPTV as "State-of-the-Art IPTV committed to serve the immigrants of Arab origin." Defendants state that Cres IPTV enables users "to watch Free Full Length movies and dramas for all Arab Channels and More." Defendants have similarly stated that "Cres IPTV is a trademark for [b]ringing all the famous Arabic channels on your screen through internet," and "[w]e are specialized in Live Channel Streaming, Latest Movies, Music, News, Sports, Videos on Demand and much much more."

36.     Defendants acknowledge that the contents of the channels transmitted on the Cres IPTV service "are the property of their respective owner," and that "Cres IPTV neither claims any right to the contents view-able through any of its devices nor takes any responsibility or provides any guarantee for the same." Defendants, according to statements on CresIPTV.com, intend "to make this world a Happy Place by giving everyone the right to watch live TV Channels of their own need and choice."

37.     Through the Shava TV and Cres IPTV services, Defendants unlawfully retransmit the Al Jazeera Channels, Zee TV, B4U Music, Geo Channels, Channel-i, MBC Channels, MSM Channels, Soundview Channels, Star Channels, Viacom18 Channels, and Additional DISH Channels (collectively, the "Protected Channels") in the United States. The Protected Channels

were observed during testing of the Shava TV and Cres IPTV services.[1]  The Protected Channels are also identified in the user interface that viewers navigate when accessing content on the Shava TV and Cres IPTV services through the Shava TV and Cres IPTV set-top boxes, and in advertisements for Shava TV and Cres IPTV made on Defendants' Facebook pages located at www.facebook.com/shavatvofficial and www.facebook.com/cresiptvofficial.   Examples of the copyrighted works that aired on the Protected Channels are identified in Exhibit 1.

38.     The channels retransmitted by Defendants bear the corresponding Al Jazeera Marks, Zee Marks, B4U Marks, Geo Marks, Channel-i Marks, MBC Marks, MSM Marks, Soundview Marks, Star Marks, Viacom18 Marks, and the Additional Marks (collectively, the "Protected Marks").  The Protected Marks are also incorporated in the user interface that viewers navigate when accessing content on the Shava TV and Cres IPTV services through the Shava TV and Cres IPTV set-top boxes, and in advertisements for Shava TV and Cres IPTV made on Defendants' Facebook pages.  Examples of the Protected Marks are identified in Exhibits 2 and 3 which are screenshots of the Shava TV and Cres IPTV user interfaces, and Exhibits 4 and 5 which are advertisements by Defendants for the Shava TV and Cres IPTV services, respectively.

39.     Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by purchasing the set-top box that corresponds with the Shava TV or Cres IPTV service.  Defendants sell the Shava TV set-top box for $279 on ShavaTV.com, and Cres IPTV set-top box for $349 on CresIPTV.com. Defendants also sell the Shava TV and Cres IPTV set-top boxes through their dealerships, Iraa Enterprises and Maple Electronics.   Defendants state that Iraa Enterprises is the "main distributor" of Shava TV and Cres IPTV set-top boxes.

---

[1]All the Protected Channels were located on the Shava TV service, with the exception of MBC Masr.  The Protected Channels observed to date on the Cres IPTV service include Al Jazeera Arabic News, B4U Music, MBC1, MBC Drama, MBC Kids / MBC 3, MBC Masr, Star India Plus, Al Hayah 1, Al Hayah Cinema, Dream 2, Dunya TV, Future TV, Iqraa, Murr TV / MTV Lebanon, NBN, New TV / Al Jadeed, Noursat, ONTV, and OTV.

40.     On information and belief, the Shava TV and Cres IPTV set-top boxes function the same (each hereinafter, an "STB").  Once connected to the Internet, the STB downloads a text file that contains keys used by the STB to encrypt and decrypt network communications between the STB and the associated service, Shava TV or Cres IPTV.  The STB then accesses a main server where it downloads a series of HTML files that contain, among other things, channel information for the programming guide and coordinates for accessing content on the Shava TV or Cres IPTV service.

41.     The Protected Channels are retransmitted on the Shava TV and Cres IPTV services through a feature called "Live TV."  The Protected Channels are also retransmitted on the Shava TV service through a feature called "My Channels" and through an analogous feature on the Cres IPTV service called "My Cres" (together, the "My Channels" sections).  In addition, programs that are aired on the Protected Channels are retransmitted on the Shava TV service through video on-demand features called "My Movies," "Shava Plus," "Drama Plus," and "My Drama" (together, the "VOD sections").

**The Live TV Section**

42.     The Live TV section of the Shava TV and Cres IPTV services is used to retransmit programming over the Internet to users in real time, nearly simultaneously with its original authorized transmission.  On information and belief, Defendants select and locate the channels that are retransmitted using Live TV, including the Protected Channels.  Defendants are believed to capture live broadcast signals of the Protected Channels in foreign countries, transcode these signals into a format useful for streaming over the Internet, and then upload and transfer the transcoded content to one or more computer servers that are provided, controlled, and maintained by Defendants.

43.     The Protected Channels are then retransmitted in the Live TV section of the Shava TV and Cres IPTV services using a peer-to-peer ("P2P") network.  To receive a Live TV channel, the STB downloads, among others, a file from the main server that contains the IP addresses of the servers acting as "trackers" for that channel.  The STB accesses the tracker servers, obtains the

IP addresses of the "peers" retransmitting that channel, and then receives the channel from those peers.  On information and belief, Defendants provide, control, and maintain the main server and tracker servers, and are the original source of the Protected Channels that are retransmitted on the Live TV section of the Shava TV and Cres IPTV services.  Users of Shava TV and Cres IPTV, when viewing a channel on Live TV, also serve as a peer and retransmit that channel to other users that request the channel through Defendants' servers and connected peers.

### The My Channels Section

44.    The My Channels section of the Shava TV and Cres IPTV services allows users to unlawfully share channels, including the Protected Channels, with any other user of the service. Users share a channel by accessing the control panel on ShavaTV.com called "MyShava," or on CresIPTV.com called "My Cres," and entering the URL for that particular channel.  The channel is then available to other users of the Shava TV or Cres IPTV service.  Other users are able to receive the channel by importing the channel through MyShava or My Cres, and then selecting the channel in the My Channels section of the STB.  Defendants provide instructions on ShavaTV.com and CresIPTV.com to assist users in locating and sharing channels through My Channels.

45.    On information and belief, the channels in My Channels originate from URLs that are under the control of Shava TV and Cres IPTV users, or other yet to be identified parties that are unlawfully retransmitting the Protected Channels.  Defendants are believed to maintain the list of URLs that correspond with the channels available in My Channels.  Further investigation may also show that Defendants themselves add channels to the My Channels section of the Shava TV and Cres IPTV services, including Protected Channels, and control the URLs from which these channels originate.

### The VOD Sections

46.    The VOD sections of the Shava TV service provide an unauthorized archive of copies of programming that any user can access on demand, including infringing versions of the programs that aired on the Protected Channels.  On information and belief, Defendants capture

and record these programs on computer servers that are provided, controlled, and maintained by Defendants.  Defendants are then believed to unlawfully retransmit the programs to users through the VOD sections of the Shava TV service, using a P2P network similar to that underlying the Live TV feature.

47.     To receive VOD programming, the STB downloads, among others, a file from the main server that contains the IP addresses of the servers acting as the "trackers" for that VOD programming.  The STB accesses the tracker server, obtains the IP addresses of the peers that are retransmitting the VOD programming, and then receives the programming from those peers.  On information and belief, Defendants provide, control, and maintain the main server and tracker servers, and are the original source of the infringing programming that is unlawfully retransmitted on the VOD sections of the Shava TV service.  Users of Shava TV, when viewing programming on the VOD sections, also serve as a peer and retransmit that programming to other users that request the program through Defendants' servers and connected peers.

48.     Defendants were provided with at least twenty-one (21) notices of infringement demanding that Defendants cease unlawfully retransmitting the Protected Channels specified in the notice.  To date, no corrective action has been taken by Defendants to stop the infringement of Plaintiffs' copyrights and trademarks.

## CLAIMS FOR RELIEF

### Count I

### (Direct Copyright Infringement Under 17 U.S.C. § 501

### By All Plaintiffs Against All Defendants)

49.     Plaintiffs repeat and reallege the allegations in paragraphs 1-48.

50.     Under 17 U.S.C. § 106, Plaintiffs own or otherwise have the exclusive right to distribute, publicly perform, and reproduce in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.  Under 17 U.S.C. § 106, Plaintiffs also own the exclusive rights to authorize others to exercise the foregoing rights.

51.     The programs that make up the Protected Channels are original audiovisual works that are fixed in a tangible medium of expression, and are therefore copyrightable subject matter. Plaintiffs' copyrights in the programs arise under the laws of foreign nations that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, India, and the United Kingdom, where the programs were authored or first published.   The programs constitute foreign works for purposes of 17 U.S.C. §§ 101, 411, and are protected by the Copyright Act, 17 U.S.C. § 104.

52.     Defendants distribute, publicly perform, and reproduce copyrighted programs that air on the Protected Channels to users throughout the United States via the Live TV and VOD sections of the Shava TV service, and the Live TV section of the Cres IPTV service, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.  Plaintiffs have not authorized Defendants to distribute, publicly perform, or reproduce these programs in any manner.

53.     Defendants are directly infringing Plaintiffs' copyrights in violation of 17 U.S.C. § 501.  The infringement of Plaintiffs' rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

54.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

55.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to Plaintiffs that includes damage to their reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count II

### (Contributory/Inducing Copyright Infringement Under 17 U.S.C. § 501

### By All Plaintiffs Against All Defendants)

56.     Plaintiffs repeat and reallege the allegations in paragraphs 1-48.

57.     On information and belief, users of Shava TV and Cres IPTV, or other unidentified third parties, are infringing Plaintiffs' copyrights in programs that air on the Protected Channels by acting as the sources that are retransmitting that programming to other users through the My

15

Channels section of the Shava TV and Cres IPTV services.  Separately, users of Shava TV and Cres IPTV are infringing Plaintiffs' copyrights in the programs that air on the Protected Channels by acting as the peers that are retransmitting that programming to other users through the Live TV and VOD sections of the Shava TV service, and the Live TV section of the Cres IPTV service.

58.     Defendants have actual or constructive knowledge of this infringing activity and materially contribute to that activity by providing, controlling, and maintaining the My Channels and Live TV sections of the Shava TV and Cres IPTV services, and the VOD sections of the Shava TV service.  Defendants also provide detailed instructions on how to use My Channels, and are believed to otherwise assist users of Shava TV and Cres IPTV in the retransmission of infringing programs through My Channels.  In addition, Defendants knowingly contribute to this infringement in a material way by supplying the STBs that facilitate access to the infringing programs which are retransmitted on the My Channels and Live TV sections of the Shava TV and Cres IPTV services, and the VOD sections of the Shava TV service.

59.     On information and belief, Defendants are also engaging in purposeful conduct that intentionally induces users of Shava TV and Cres IPTV, or other unidentified third parties, to retransmit the infringing programs through the My Channels and Live TV sections of the Shava TV and Cres IPTV services, and the VOD sections of the Shava TV service.  Among other things, Defendants advertise Shava TV and Cres IPTV as a place where programming such as that airing on the Protected Channels may be shared with fellow users of the services.  Defendants also provide the corresponding STBs with the object of promoting and encouraging their use to view copyrighted television programs, including programs that air on the Protected Channels, and in turn to retransmit those programs to other users of the Live TV and VOD sections of the Shava TV service, and the Live TV section of the Cres IPTV service.  Defendants are believed to rely on the retransmittal of the infringing programs for the success of their business.

60.     Defendants are contributing to and inducing infringement of Plaintiffs' copyrights in violation of 17 U.S.C. § 501.  The infringement of Plaintiffs' rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

61.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

62.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to Plaintiffs, for which there is no adequate remedy at law.

## Count III

### (Vicarious Copyright Infringement Under 17 U.S.C. § 501
### By All Plaintiffs Against All Defendants)

63.     Plaintiffs repeat and reallege the allegations in paragraphs 1-48.

64.     On information and belief, users of Shava TV and Cres IPTV, or other unidentified third parties, are infringing Plaintiffs' copyrights in programs that air on the Protected Channels by acting as the sources that are retransmitting that programming to other users through the My Channels section of the Shava TV and Cres IPTV services.  Separately, users of Shava TV and Cres IPTV are infringing Plaintiffs' copyrights in the programs that air on the Protected Channels by acting as the peers that are retransmitting that programming to other users through the Live TV and VOD sections of the Shava TV service, and the Live TV section of the Cres IPTV service.

65.     Defendants have the legal right and the actual ability to supervise and control this infringing activity because the My Channels and Live TV sections of the Shava TV and Cres IPTV services, and VOD sections of the Shava TV service, are provided, controlled, and maintained by Defendants.  Defendants refuse to take any action to stop the infringement of Plaintiffs' exclusive rights in the programs retransmitted through the My Channels, Live TV, and VOD sections of the Shava TV and Cres IPTV services.

66.     Defendants receive a direct financial benefit from having the infringing programs distributed, publicly performed, and reproduced through the My Channels and Live TV sections of the Shava TV and Cres IPTV services, and VOD sections of the Shava TV service.  The availability of the infringing programming attracts and draws users to Shava TV and Cres IPTV, resulting in the sale of STBs and accessories by Defendants.

67.     Defendants are vicariously infringing Plaintiffs' copyrights in violation of 17 U.S.C. § 501.  The infringement of Plaintiffs' rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

68.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

69.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to Plaintiffs that includes damage to their reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count IV

### (Trademark Infringement/Unfair Competition Under 15 U.S.C. § 1125

### By All Plaintiffs Against All Defendants)

70.     Plaintiffs repeat and reallege the allegations in paragraphs 1-48.

71.     Plaintiffs own or otherwise have been authorized to use the Protected Marks.  The Protected Marks are used by Plaintiffs in the broadcasting and advertisement of the Protected Channels, including in the United States, and are entitled to full protection under the Lanham Act.

72.     Defendants use the Protected Marks in commerce, and without authorization, in connection with their sale, offering for sale, distribution, and advertising of the Shava TV and Cres IPTV services and corresponding STBs and accessories.

73.     On information and belief, Defendants capture broadcast signals of the Protected Channels that are provided by Network Plaintiffs for viewing in foreign countries, which bear the Protected Marks.  The Protected Channels captured by Defendants are not intended nor authorized by Network Plaintiffs for distribution in the United States.  Rather, Network Plaintiffs provide the channels to consumers in the United States through their own approved distributors, including DISH.  Defendants are engaging in the same conduct with respect to the Protected Channels that DISH acquires, for consideration, from network affiliates similar to the Network Plaintiffs.

74.     Defendants use the Protected Marks without authorization when retransmitting the Protected Channels to consumers in the United States via the Shava TV and Cres IPTV services. Defendants also use the Protected Marks without authorization by incorporating them in the user interface that viewers navigate to access the Protected Channels on the Shava TV and Cres IPTV services.  In addition, Defendants use the Protected Marks without authorization in their efforts to promote and advertise Shava TV and Cres IPTV services and STBs.

75.     The Protected Channels provided through the Shava TV and Cres IPTV services are materially different from the broadcasts of these channels that are intended and authorized by Network Plaintiffs and DISH's other network affiliates for transmission in the United States.  The material differences include variation in the underlying programming, as well as interruption or downtime and substandard picture quality that results from Defendants' retransmission of the Protected Channels via the Shava TV and Cres IPTV services.

76.     Defendants' unauthorized use of the Protected Marks has caused or is likely to cause confusion, mistake, or deception among consumers as to whether Defendants are affiliated, connected, or associated with Plaintiffs, and whether the Protected Channels distributed on Shava TV and Cres IPTV originate from, are sponsored by, or approved by Plaintiffs, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

78.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to Plaintiffs that includes damage to their reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## Count V

### (Trademark Infringement Under 15 U.S.C. § 1114

### By Plaintiffs Al Jazeera and Viacom18 Against All Defendants)

79.     Plaintiffs Al Jazeera and Viacom18 repeat and reallege the allegations in paragraphs 1-48.

80.     Plaintiff Al Jazeera owns the Al Jazeera Marks registered with the United States Patent and Trademark Office, having registration numbers 3820209, 2849088, and 3177346.  The Al Jazeera Marks are used by Plaintiff Al Jazeera in the broadcasting and advertisement of the Al Jazeera Channels, including in the United States.

81.     Plaintiff Viacom18 owns the Viacom18 Marks registered with the United States Patent and Trademark Office, having registration numbers 4101072, 4429136, 4724162, and 4739441.   The Viacom18 Marks are used by Plaintiff Viacom18 in the broadcasting and advertisement of the Viacom18 Channels, including in the United States.

82.     Defendants use reproductions, counterfeits, copies, or colorable imitations of the Al Jazeera Marks and Viacom18 Marks in commerce, and without authorization, in connection with their sale, offering for sale, distribution, and advertising of the Shava TV and Cres IPTV services and corresponding STBs and accessories.

83.     Defendants' unauthorized use of the Al Jazeera Marks and Viacom18 Marks, as set forth in paragraphs 73-75, has caused or is likely to cause confusion, mistake, or deception among consumers as to whether Defendants are affiliated, connected, or associated with Plaintiffs Al Jazeera and Viacom18, and whether the Al Jazeera Channels and Viacom18 Channels distributed on Shava TV and Cres IPTV originate from, are sponsored by, or approved by Plaintiffs Al Jazeera and Viacom18, in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

84.     Defendants' acts are willful, intentional, purposeful, and in disregard of and with indifference to the rights of Plaintiffs Al Jazeera and Viacom18.

85.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to Plaintiffs Al Jazeera and Viacom18 that includes damage to their reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

I.      On Counts I, II, and III:

A.      For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or in participation with them, from distributing, publicly performing, and reproducing the programs that air on the Protected Channels, or otherwise infringing Plaintiffs' copyrights, as authorized by 17 U.S.C. § 502;

B.      For maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), or alternatively Plaintiffs' actual damages and the profits of Defendants that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

C.      For Plaintiffs' attorneys' fees and costs under 17 U.S.C. § 505;

D.      For impoundment and disposition of all infringing articles under 17 U.S.C. § 503;

E.      For pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law;

F.      For such additional relief as the Court deems just and equitable.

II.     <u>On Count IV:</u>

A.      For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or in participation with them, from using in any manner the Protected Marks or any variation thereof, or otherwise infringing Plaintiffs' trademarks, as authorized by 15 U.S.C. § 1116(a);

B.      For Plaintiffs' actual damages and the profits of Defendants that are attributable to the violations alleged herein pursuant to 15 U.S.C. § 1117(a);

C.      For an order directing Defendants to deliver for destruction all products, packaging, and advertising materials that contain the Protected Marks under 15 U.S.C. § 1118;

D.      For treble damages under 15 U.S.C. § 1117(a);

E.      For Plaintiffs' attorneys' fees and costs under 15 U.S.C. § 1117(a);

F.      For pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law;

G.      For such additional relief as the Court deems just and equitable.

III.    On Count V:

A.      For permanent injunctive relief restraining and enjoining Defendants and their employees, agents, representatives, attorneys, and all persons that are acting in concert or in participation with them, from using in any manner the trademarks of Plaintiffs Al Jazeera and Viacom18 or any variation thereof, or otherwise infringing these marks, as authorized by 15 U.S.C. § 1116(a);

B.      For maximum statutory damages to Al Jazeera and Viacom18 in the amount of $2,000,000 per infringing mark per type of product or service offered or provided by Defendants under 15 U.S.C. § 1117(c) or, alternatively, Al Jazeera's and Viacom18's actual damages and the profits of Defendants that are attributable to the violations alleged herein pursuant to 15 U.S.C. § 1117(a);

C.      For an order directing Defendants to deliver for destruction all products, packaging, and advertising materials that contain the Al Jazeera Marks and Viacom18 Marks under 15 U.S.C. § 1118;

D.      For treble damages under 15 U.S.C. § 1117(a)-(b);

E.      For Plaintiffs' attorneys' fees and costs under 15 U.S.C. § 1117(a)-(b);

F.      For pre- and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law;

G.      For such additional relief as the Court deems just and equitable.

Dated:  January 11, 2016.

Respectfully submitted,

/s/ Bradshaw Rost
Bradshaw Rost, Esq., VSB Bar #27134
**Tenenbaum & Saas, P.C.**
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Tel
(301) 961-5395 – Fax
brost@tspclaw.com

Joseph H. Boyle, Esq. (*pro hac vice*)
**Hagan Noll & Boyle, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
(713) 343-0478 – Tel
(713) 758-0146 – Fax
joe.boyle@hnbllc.com

*Attorneys for Plaintiffs*