UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



DISH NETWORK L.L.C., AL JAZEERA )
MEDIA NETWORK, ASIA TV USA LTD., )
B4U U.S., INC., GEO USA LLC, IMPRESS )
TELEFILM, INC., MBC FZ LLC, MSM ASIA )
LTD., SOUNDVIEW BROADCASTING LLC, )
SOUNDVIEW ATN LLC, STAR INDIA )
PRIVATE LTD., and VIACOM18 MEDIA )
PRIVATE LIMITED, )
                                   )
            Plaintiffs, )
                                   )
v.                                  ) Civil Action No. 1:15-cv-00706 (TSE/IDD)
                                   )
SHAVA IPTV NETWORK LLC, NADEEM )
BUTT, IMRAN BUTT, and NAEEM BUTT, )
individually and )
together d/b/a Shava TV Cres IPTV, Iraa )
Enterprises, and Maple Electronics, )
                                   )
            Defendants. )
                                   )

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs Al Jazeera Media Network, Asia TV USA

Ltd., B4U U.S., Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd.,

Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., Viacom18 Media

private Limited (collectively "Network Plaintiffs"), and DISH Network L.L.C. ("DISH" and

together with Network Plaintiffs "Plaintiffs") Motion for Default Judgment against Defendants

Imran Butt and Naeem Butt ("Defendants") pursuant to Federal Rule of Civil Procedure

55(b)(2). (Dkt. No. 107.) After no licensed attorney for Defendants appeared at the hearing on

June 24, 2016, the undersigned Magistrate Judge took this matter under advisement to issue this

Report and Recommendation. Upon consideration of the Amended Complaint and Plaintiffs'

Motion for Default Judgment, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiffs' Motion be **GRANTED**.

## I.   INTRODUCTION

On June 5, 2015, Plaintiffs filed this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, alleging copyright infringement, trademark infringement, and unfair competition. Plaintiffs allege that Defendants have been unlawfully capturing and retransmitting broadcasts of Plaintiffs' television channels ("the Channels"). (Am. Compl. ¶ 1.) Plaintiffs allege further that Defendants have also been unlawfully using Plaintiffs' unique logos and marks ("the Marks"). (*Id.*) After Defendants failed to cease their infringing activity subsequent to receiving numerous cease and desist letters, Plaintiffs brought this action seeking statutory damages for copyright infringement and a permanent injunction enjoining Defendants from further copyright and trademark infringement.[1] (Am. Compl. ¶¶ 1, 48.)

### A. Jurisdiction and Venue

For a court to render default judgment against a party, it must have subject matter jurisdiction and personal jurisdiction over the party and be an appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs assert claims under the Copyright Act and the Lanham Act, both of which are federal laws.

For this court to exercise personal jurisdiction over Defendants, who are non-residents, due process requires that they have sufficient minimum contacts with the Commonwealth of Virginia such that jurisdiction over them would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Furthermore, Defendants

---

[1] Plaintiffs sought other damages in the Amended Complaint, but only damages pled in the Motion for Default Judgment are considered.

must be properly served with process under federal or state law.[2] *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Defendants repeatedly reached into Virginia to transact business in the State. (*See* Dkt. No. 108, at 4–5). Because of the extent of Defendants' contacts with this forum, they could have reasonably anticipated being haled into court to answer for injury caused in the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (stating that whether the defendant could "reasonably anticipate being haled into court" in the forum is critical to the due process analysis). Therefore, it comports with due process for this Court to exercise personal jurisdiction over Defendants.

Finally, this Court is a proper venue for this action because Defendants are not residents of the United States and "may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

### B.  Service of Process

For a court to have personal jurisdiction over a defendant for the purpose of entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))). The Federal Rules of Civil Procedure provide the manner in which service must occur.

Under Rule 4, service upon a defendant in a foreign country can be effectuated pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). FED. R. CIV. P. 4(f)(1). Here, Defendants reside in Canada, a State that is a party to the Hague Convention. The Hague Convention provides for service by the Central

---

[2] Defendants were properly served with process, as discussed below.

Authority of the State in which service is to occur, "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 5, Nov. 15, 1965, 20 U.S.T. 361. The Hague Convention also provides for direct service through "judicial officers, officials, or other competent persons of the State of destination." *Id.* art. 10(c).

On July 6, 2015, Plaintiffs transmitted the Summons and Complaint to the Central Authority for Ontario, Canada, which in turn effectuated service on Defendant Imran Butt pursuant to Article 5 of the Hague Convention and Ontario Rule of Civil Procedure 16.03(5). (Dkt. Nos. 40–41). On February 12, 2016, Plaintiffs served the Summons and Amended Complaint on Defendant Naeem Butt by a process server pursuant to Article 10(c) of the Hague Convention and Ontario Rule 16.03(f). (Dkt. No. 77). Therefore, Plaintiffs properly served Defendants pursuant to Rule 4 and the Hague Convention.

### C. Grounds for Default

On June 5, 2015, Plaintiffs filed their Complaint, initiating this action for copyright infringement, trademark infringement, and unfair competition against Defendants Imran Butt, Nadeem Butt, and Shava IPTV Network LLC.[3] (Dkt. No. 1.) Plaintiffs filed an Amended Complaint on January 11, 2016, adding Defendant Naeem Butt to the action. (Dkt. No. 69.) Plaintiffs sought to recover statutory damages for copyright infringement, a permanent injunction enjoining Defendants Naeem Butt and Imram Butt from further copyright and trademark infringement, and other relief not requested in the Motion for Default Judgment.[4] (Dkt. No. 69;

---

[3] Plaintiffs dismissed their claims against Defendants Shava IPTV Network LLC and Nadeem Butt on April 25, 2016, pursuant to a settlement agreement. (Dkt. No. 102.)

[4] Plaintiffs also sought to recover other damages that they did not plead in the Motion for Default Judgment. Damages not sought in the Motion for Default Judgment are not considered here.

*see* Dkt. No. 107, at 1.) After Defendants failed to appear, plead, or otherwise defend this action,[5] the Clerk entered default against Defendant Imran Butt on September 25, 2015 (Dkt. No. 42), and against Defendant Naeem Butt on March 9, 2016 (Dkt. No. 79). Plaintiffs then filed a Motion for Default Judgment on May 26, 2016. (Dkt. No. 107). The Court held a hearing on the matter on June 24, 2016. After an attorney for Defendants failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.   FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge find that Plaintiffs have established the following facts. Plaintiffs are a group of television channels whose broadcasts and unique channel logos and marks Defendants are using without permission. (Am. Compl. ¶ 1.) Defendants are capturing broadcasts of Plaintiffs' television channels and unlawfully retransmitting these channels over the Internet throughout the United States to customers of Defendants' Shava TV and Cres IPTV services. (*Id.*) Defendants profit by selling Shava TV and Cres IPTV set-top boxes, which provide access to the service, for between $279 to $349 per unit depending on the service. (*Id.*) Defendants also use Plaintiffs' unique channel logos and marks giving consumers the false impression that Defendants provide lawful broadcasts of the channels with Plaintiffs' approval when in fact Defendants are not authorized to retransmit Plaintiff's channels or use their logos and marks. (*Id.*) Plaintiffs have not received any compensation from Defendants' services, and written demands asking Defendants to cease and desist have gone unanswered. (*Id.*)

---

[5] Defendant Imran Butt filed an untimely document with the Court after the Clerk of the Court entered default against him. This Court found no grounds to vacate the entry of default pursuant to that filing.

Defendants Naeem Butt and Imran Butt are owners and operators of (i) www.shavatv.com, the official website of the IPTV service provided under the fictitious business name "Shava TV;" (ii) www.cresiptv.com, the official website of the IPTV service provided under the fictitious business name "Cres IPTV;" (iii) www.iraaenterprises.com, the official website of Shava TV and Cres IPTV dealer using the fictitious business name "Iraa Enterprises;" and (iv) www.mapleelectronics.com, the official website of the Shava TV dealer using the fictitious business name "Maple Electronics." (*Id.* at 26–28.)

Defendant Imran Butt is a natural person residing at 52 West Park Avenue, Bradford, Ontario, L3Z 0A7, Canada. (*Id.* ¶ 27.) Imran Butt served as a member, manager, and/or officer of Shava IPTV Network LLC. (*Id.*) Imran Butt is also an owner and operator of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, as well as their corresponding websites. (*Id.*)

Defendant Naeem Butt is a natural person residing at 2600 Finch Ave. West, #515, North York, Ontario, L3Z 0A7, Canada. (*Id.* ¶ 28.) Naeem Butt is an owner and operator of Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, as well as the websites that correspond with these businesses. (*Id.*)

Without authorization or permission Defendants capture, retransmit, and broadcast Plaintiffs' channels over the Internet to users of Defendants' set-top boxes in the United States. (Dkt. No. 108, at 2.) Defendants also record and maintain an unauthorized archive of programs that aired on Plaintiffs' channels that are retransmitted to Defendants' users through a video-on-demand service. (*Id.*) Defendants accomplish this conduct partially through a peer-to-peer network through which Defendants' users not only receive Plaintiffs' programming in the United States but also retransmit the programming to other users. (*Id.*) Defendants also maintain a separate feature through which they encourage their users to share Plaintiffs' channels with other

6

users by entering corresponding URLs for those channels. (*Id.*)

Defendants have engaged in this illegal activity for at least two years. (*Id.* at 3.) Plaintiffs notified Defendants through at least twenty-one cease and desist letters informing Defendants of the infringing nature of their business and asking Defendants to remove Plaintiffs' channels from Defendants' services. (Am. Compl. ¶ 48.) Despite this notice Defendants have not taken any action to cease or remedy their infringements. (Dkt. No. 108, at 3.)

## III.    EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must

set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## A. Copyright Infringement

Plaintiffs assert claims of willful copyright infringement against Defendants.[6] The Copyright Act allows a copyright owner the "exclusive rights to do and to authorize . . . in the case of . . . audiovisual works,[7] to perform[8] the copyrighted act publicly."[9] 17 U.S.C. § 106(4). The Copyright Act further provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer. 17 U.S.C. § 501(a). To establish copyright infringement, a plaintiff must prove two things: (1) ownership of a valid copyright and (2) that the defendant copied original elements of the copyrighted work. *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir. 1993) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991)). Generally, a prevailing party is entitled to remedies including final injunctions and monetary damages. 17 U.S.C. §§ 502, 504.

### 1. Ownership of Valid Copyright

Network Plaintiffs' copyrighted works were authored and first published in India, Qatar, the United Arab Emirates, and the United Kingdom, all of which are treaty parties. (*See* Dkt. No.

---

[6] Plaintiffs allege alternative theories of copyright infringement, but because they will recover the same relief under each count, it is not necessary to address the additional claims.

[7] "Audiovisual works" are defined as "works that consist of a series of related images which are intrinsically intended to be shown by the use of machines or devices . . . together with accompanying sounds, if any." 17 U.S.C. § 101.

[8] "Perform" in the case of audiovisual works is defined as "to show its images in any sequence or to make the sounds accompanying it audible." *Id.*

[9] "Publicly" means "to transmit . . . by means of any device or process, whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times." *Id.*

108, at 9.) Therefore, Plaintiffs' copyrighted works are protected under the Copyright Act. *See* 17 U.S.C. § 104(b)(2). Furthermore, Network Plaintiffs MSM Asia Ltd., Star India Private Ltd, Viacom18 Media Private Ltd., and DISH ("Registered Plaintiffs")[10] are presumed to have valid copyrights because 171 of the copyrights are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c) (stating that a certificate of registration is "prima facie evidence of the validity of the copyright"); *Sari v. Am.'s Home Place, Inc.*, 129 F. Supp. 3d 317, 326 (E.D. Va. 2015) (stating that a copyright registration creates a presumption of a valid copyright and shifts the burden to the defendant to rebut (citing *Universal Furniture Int'l, Inc. v Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010)). By failing to answer the Complaint, the Defendants have failed to rebut the presumption that the Plaintiffs own valid copyrights. Therefore, the undersigned concludes that Registered Plaintiffs own valid copyrights in the Protected Channels.

     2. <u>Infringement</u>

Plaintiffs allege that Defendants sold set-top boxes, purchased servers to retransmit the Channels, and retransmitted the Channels. (Am. Compl. ¶ 1.) Providing equipment that can be used to perform or transmit the protected work in conjunction with servers that transmit the copyrighted material is sufficient conduct to find copyright infringement. *See Am. Broad. Cos., Inc. v. Aereo, Inc.*, 134 S. Ct. 2498, 2506–11 (2014). Therefore, Defendants' conduct constitutes copyright infringement. Because Defendants have publicly performed Registered Plaintiffs' audiovisual works and were not authorized to do so, the undersigned Magistrate Judge finds Defendants have infringed the Plaintiffs' copyrights.

---

[10] Although DISH does not own the copyrights at issue, it possesses the same exclusive rights as other Registered Plaintiffs by transfer of rights through its written agreements with Registered Plaintiffs. *See* 17 U.S.C. §§ 201(d), 204(a) (permitting transfer of exclusive rights by signed, written agreements).

## B. Trademark Infringement and Unfair Competition

To prove their trademark infringement and unfair competition claims, Plaintiffs must establish "(1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred 'in commerce'; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (citing 15 U.S.C. §§ 1114(1), 1125(a)). Here, Plaintiffs either own or license the right to use Protected Marks. (Dkt. No. 108, at 18.) Therefore, the first element is readily satisfied. The second, third, and fourth elements are also satisfied because Defendants used the Protected Marks when they (i) retransmitted the Protected Channels and displayed the Protected Marks, (ii) incorporated the Protected Marks into their user interface, and (iii) included the Protected Marks in advertisements for sale of their set-top boxes. (Am. Compl. ¶¶ 38, 72, 74; Exs. 4–5.)

To determine whether the final element is satisfied, the Fourth Circuit considers (1) the strength of the mark, (2) the similarity of the marks, (3) the similarity of goods and services, (4) the similarity of advertising, (5) the infringer's intent, (6) whether there is actual confusion and (7) the quality of the infringer's product and the sophistication of the consuming public. *Radiance Found., Inc. v. NAACP*, 786 F.3d 316, 324 (4th Cir. 2015). The relevance of each factor is determined on a case-by-case basis. *See Lamparello v. Falwell*, 420 F.3d 309, 314–15 (4th Cir. 2005). Here, Defendants' use of Plaintiffs' Protected Marks is likely to cause confusion because Defendants are engaged in similar business to Plaintiffs and consumers are likely to be confused about whether Defendants' are affiliated with Plaintiffs because the marks and logos used by the Defendants are identical to those possessed by Plaintiffs. (Am. Compl. ¶¶ 76, 83.).

Furthermore, Defendants' unauthorized use of the Protected Marks is likely to affect Plaintiffs' good will because the quality of their product is inferior to Plaintiffs'. (Dkt. No. 108, at 26–27.) Therefore, the undersigned Magistrate Judge finds Defendants have infringed the Plaintiffs' copyrights, thereby unfairly competing with them.

## IV.   REQUESTED RELIEF

Plaintiffs request relief for copyright infringement, trademark infringement, and unfair competition. (Am. Compl. ¶ 1.) Plaintiffs request the maximum statutory relief for 120 of the registered, copyrighted works, which Plaintiffs assert is a fraction of the overall infringement Defendants have committed, as well as a permanent injunction to prevent further infringement of Plaintiff's copyrights and further irreparable harm to Plaintiffs. (Dkt. No. 108, at 3.)

### A.  Statutory Damages

Under the Copyright Act, Plaintiffs may recover statutory damages for willful infringement in an amount between $750 and $150,000 "for any one work . . . for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1)–(2). In the instant action, Registered Plaintiffs have elected to pursue the maximum statutory award for willful infringement. (Dkt. No. 108, at 21–25).

An infringement is willful if the defendant has actual knowledge of the infringement and disregards the copyright owner's rights. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001). Defendants had actual knowledge of their infringement because they received at least twenty-one letters notifying them of their infringements. (Am. Compl. ¶ 1.) Because Defendants continued their infringing activities after having actual knowledge of their infringement, Plaintiffs are entitled to a statutory award for willful infringement.

Courts in the Fourth Circuit have wide discretion in determining the appropriate statutory

award, particularly where the infringement is willful. *Graduate Mgmt. Admission Council v. Lei Shi*, No. 1:07cv605 (LMB/BRP), 2008 U.S. Dist. LEXIS 1621, at *3 (E.D. Va. Jan. 7, 2008). In determining the appropriate statutory award, courts consider deterrence of the wrongful conduct. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952) ("The statutory rule . . . is designed to discourage wrongful conduct."). Courts also consider evidence of the following: a history of copyright infringement; that defendants are impervious to deterrence or rehabilitation; defendant's knowledge of copyright laws, any misleading or false statements; or evidence that defendants knew of their infringing conduct and disregarded the copyright owner's rights. *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996). Here, Defendants were previously sued for copyright infringement, and as expressed above, had actual knowledge of their infringing conduct and disregarded Plaintiffs' exclusive rights. Furthermore, Plaintiffs have provided evidence that Defendants retransmitted all of the registered works, in sum, more than 4,000 times. (*See* Dkt. No. 110-4 ¶ 7.) The scale of the infringement implicates deterrence incentives in this case. Accordingly, the undersigned Magistrate Judge finds Defendants liable, jointly and severally, for the maximum statutory award for each of the 171 registered works, in the amount of $25,650,000.

### B. Permanent Injunction

This Court has jurisdiction under the Copyright Act and the Lanham Act to grant a permanent injunction. 17 U.S.C. § 502(a), 15 U.S.C. § 1116(a). For a court to grant a permanent injunction, the plaintiff must satisfy the four-factor test by demonstrating that (1) it suffered an irreparable injury; (2) monetary damages are inadequate; (3) the balance of hardships favor the injunction; and (4) the public interest is not disserved by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The decision to grant or deny a permanent

12

injunction is within the "equitable discretion" of the court. *Id.*

    1.  <u>Irreparable Injury and Adequacy of Monetary Damages</u>

Irreparable injury is often a natural consequence of copyright infringement and it merges with the inquiry of whether legal remedies are adequate. *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 660 (E.D. Va. 2011) (internal citations omitted); *see Christopher Phelps & Assocs. v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007) (stating that irreparable injury can result from the fact that monetary damages are difficult to calculate). Additionally, courts have held that irreparable harm "ordinarily follows" from trademark infringement because of the presumed injury to reputation. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 938 (4th Cir. 1995). As established above, Defendants are liable for both copyright and trademark infringement. (Am. Compl. ¶ 1.) Furthermore, Plaintiffs have alleged the difficulty of determining the extent of the harm from Defendants' infringements. Accordingly, Plaintiffs have suffered irreparable harm and monetary damages are inadequate.

    2.  <u>Balance of Hardships and Public Interest</u>

Plaintiffs have been irreparably harmed by Defendants copyright and trademark infringements and monetary damages are insufficient to compensate for the injury; Defendants unlawful conduct, on the other hand, garners no support. *See Splitfish AG v. Bannco Corp.*, 727 F. Supp. 2d 461, 468 (E.D. Va. 2010) (finding that the balance of hardships was in plaintiff's favor even though an injunction would destroy defendants' business). Accordingly, the balance of hardships favors the injunction, particularly in a case like the one at bar when the defendants are foreign based.

Public interest is also served by granting a permanent injunction. Under the Copyright Act, it is in the public interest to uphold the exclusive rights of the copyright owner. *Splitfist AG*,

727 F. Supp. 2d at 469. In regard to trademarks, it is in the public interest to prevent confusion to consumers. *Lone Star Steakhouse & Saloon, Inc.*, 43 F.3d at 939. Therefore, the public interest is not served by permitting further copyright and trademark infringement. Accordingly, the undersigned Magistrate Judge finds it appropriate to award a permanent injunction against Defendant.

## V.   **RECOMMENDATION**

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiffs and against Defendants for copyright infringement, trademark infringement, and unfair competition. Plaintiffs are entitled to a maximum statutory award for each of its 171 registered works, in the amount of $25,650,000. Plaintiffs are also entitled to a permanent injunction, enjoining Defendants from further infringing on their exclusive rights in their copyrights and trademarks.

## VI.   NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Imran Butt
52 West Park Avenue
Bradford, Ontario, L3Z 0A4
Canada

Naeem Butt
16 Peridot Road
Brampton, Ontario, L6P 0Z5
Canada

Naeem Butt
2600 Finch Avenue West, #515
North York, Ontario, M9M 2G4
Canada

                               /s/
                             Ivan D. Davis
                             United States Magistrate Judge

September 15, 2016
Alexandria, Virginia