# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., AL JAZEERA MEDIA NETWORK, ASIA TV USA LTD., B4U U.S., INC., GEO USA LLC, IMPRESS TELEFILM, INC., MBC FZ LLC, MSM ASIA LTD., SOUNDVIEW BROADCASTING LLC, SOUNDVIEW ATN LLC, STAR INDIA PRIVATE LTD., and VIACOM18 MEDIA PRIVATE LIMITED, | ) ) ) ) ) ) ) ) ) ) | Case No. 1:15-cv-00706-TSE-IDD |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SHAVA IPTV NETWORK LLC, NADEEM BUTT, IMRAN BUTT, and NAEEM BUTT, individually and together d/b/a Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF TIMOTHY FRANK

I, TIMOTHY FRANK, of Houston, Texas declare as follows:

1.     I am an attorney with the firm of Hagan Noll & Boyle LLC ("HNB"), and licensed to practice law in Texas and California.  I am admitted *pro hac vice* for purposes of representing Plaintiffs in this case.  I make this declaration based upon personal knowledge and, if called upon to testify, would testify competently as stated herein.  This declaration is made in support of DISH's motion for contempt against Defendants Imran Butt ("Imran") and Naeem Butt ("Naeem," and together with Imran, "Defendants").

2.     Plaintiffs sent fourteen takedown notices with copies of the Judgment to ten different service providers, identifying the IP addresses of the servers used to retransmit Plaintiffs' Protected Channels on the Shava TV and Cres IPTV services and requesting that they take the

servers offline and terminate their customer's services.   HNB sent the takedown notices with copies of the order as follows:

   a.  March 1, 2017 – Accelerated IT Services GmbH, Etus IPTV Solutions, FDC Servers.net, LLC, HEG US Inc., Hosting Services, Inc., Leaseweb Deutschland GmbH, Leaseweb USA, Inc., OVH Hosting, Inc., WestHost, Inc., and Worldstream B.V.;

   b.  April 6, 2017 – OVH Hosting, Inc. and Worldstream B.V.;

   c.  April 7, 2017 – Accelerated IT Services GmbH and Leaseweb Deutschland GmbH.

  3.  The registry for .nl domains is SIDN in The Netherlands.  HNB sent a copy of the Judgment to SIDN on March 22, 2017, requesting that they disable the asiaasia.nl domain used by the Shava TV service.  Attached as Exhibit 1 is a true and correct copy of SIDN's March 24, 2017 response declining to disable the asiaasia.nl domain.

  4.  The registrar for the asiaasia.nl domain is United-domains AG.  HNB sent a copy of the Judgment to United-domains AG on March 24, 2017, requesting that they disable the asiaasia.nl domain used by the Shava TV service.  Attached as Exhibit 2 is a true and correct copy of United-domains AG's April 3, 2017 response stating, "We have looked through the documents you provided but we do not find that any of the court orders specifically refers to one of the two domains in question.  In order to take any further steps we do need evidence that the domains are involved in an illegal activity as descri[b]ed in your letter."

  5.  HNB sent cease and desist letters to the Shava TV dealers listed on *www.shavatv.com*.  Attached as Exhibit 3 are true and correct copies of screenshots from the "Dealers America" page located at *www.shavatv.com*, taken on October 2, 2017 and listing the Shava TV dealers.  HNB also sent cease and desist letters to the following concerning Shava TV products:

     a.     Family Phone and Mohammad Rana, located at  70-62 Broadway, Jackson Heights, NY 11372, as shown in the letters dated March 13, 2017 and August 23, 2017 attached as Exhibit 4;[1]

     b.     ABC 74th Inc., ABC 1 NYC Inc., and Nearaj Bhalla, located at 37-65 74th St., Jackson Heights, NY 11372, as shown in the letters dated March 28, 2017 and August 23, 2017 attached as Exhibit 5;

     c.     Worldwide Electronics, located at 2348 W. Devon Ave., Chicago, IL 60659, as shown in the March 27, 2017 letter attached as Exhibit 6;

     d.     Zee Sports and Zahid Mahmood, located at 10756 Ambassador Dr., Ste. 201, Manassas, VA 20109, as shown in the March 13, 2017 letter attached as Exhibit 7.

6.     Attached as Exhibit 8 is a true and correct copy of the DomainTools Whois record for the shavatv.com domain, showing the website's hosting provider is The Endurance International Group, Inc.  Attached as Exhibit 9 is a true and correct copy of relevant production received from The Endurance International Group in this case on or about October 1, 2015, identifying Defendant Imran Butt as the registrant of the shavatv.com domain.

7.     Attached as Exhibit 10 is a true and correct copy of a screenshot from the "Buy ShavaTV" page located at *www.shavatv.com*, taken on October 20, 2017.  The registry for .com domains is VeriSign, Inc. in Reston, Virginia.

8.     Attached as Exhibit 11 is a true and correct copy of a screenshot from the "Misc. Accessories" page located at *www.zeesports.biz*, taken on October 20, 2017.

9.     Attached as Exhibit 12 is a true and correct copy of a court order entered on May 31, 2016 in *China Central Television v. Create New Technology (HK) Limited*, No. 15-01869 MMM (AJWx), Dkt. 192 (C.D. Cal.).

---

[1] Exhibits 3-6 exclude copies of the Judgment (Dkt. 124), Report and Recommendation (Dkt. 120), Supplemental Recommendation (Dkt. 123), and Consent Order for Permanent Injunction (Dkt. 102), which were included with the letters.

10.     Attached as <u>Exhibit 13</u> is a true and correct copy of a court order entered on May 5, 2017 in *Times Content Limited v. Doe*, No. 4:17-cv-01287, Dkt. 10 (S.D. Tex.).

11.     Attached as <u>Exhibit 14</u> is a true and correct copy of a court order entered on April 30, 2015 in *Showtime Networks Inc. v. Doe*, No. 2:15-cv-03147-GW-MRW, Dkt. 20 (C.D. Cal.).

12.     Attached as <u>Exhibit 15</u> is a true and correct copy of a court order entered on March 17, 2017 in *DISH Network L.L.C. v. Lool Tech Co., Ltd.*, No. 4:16-cv-01771, Dkt. 25 (S.D. Tex.).

13.     Attached as <u>Exhibit 16</u> is a true and correct copy of a court order entered on August 21, 2017 in *DISH Network L.L.C. v. Lool Tech Co., Ltd.*, No. 4:16-cv-01771, Dkt. 30 (S.D. Tex.).

14.     Attached as <u>Exhibit 17</u> is a true and correct copy of a court order entered on September 13, 2010 in *The North Face Apparel Corp. v. Fujian Sharing Imp. & Exp. Ltd.*, No. 10-cv-1630, Dkt. 29 (S.D.N.Y.).

15.     Attached as <u>Exhibit 18</u> is a true and correct copy of a court order entered on October 3, 2014 in *Warner Bros. Entm't, Inc. v. Doe,* No. 14-cv-3492, Dkt. 27 (S.D.N.Y.).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 20, 2017.

Timothy M. Frank

# EXHIBIT 1

**Stephen Ferguson**

| | |
|---|---|
| **From:** | Support <Support@SIDN.NL> |
| **Sent:** | Friday, March 24, 2017 3:16 AM |
| **To:** | Stephen Ferguson |
| **Subject:** | Call: 01.819.110 :Request To Disable Domains: asiaasia.nl and topasia.nl |

| | |
|---|---|
| Customer | Juridisch |
| Date | vrijdag 24 maart 2017 |
| Callnumber | 01.819.110 |

Dear Sir/Madam,

Because a verdict from the USA has no authority in the Netherlands, SIDN will not answer to your request to disable the domain names mentioned.

Moreover, based on the relevant terms and conditions and contracts, SIDN does not have the contractual right to do so. As usual, we will forward your email to the managing registrar of the domain name, united-domains AG.

For more information on Infringement of rights please visit our website: https://www.sidn.nl/a/nl-domain-name/infringement-of-rights?language_id=2

With kind regards,

Harry Derksen



SIDN | Meander 501 | 6825 MD | Postbus 5022 | 6802 EA | ARNHEM
T +31 (0)26 352 55 55 | F +31 (0)26 352 55 05 | @SIDNSupport
support@sidn.nl | www.sidn.nl

# EXHIBIT 2

## Stephen Ferguson

| | |
|---|---|
| **From:** | united-domains AG <support@united-domains.de> |
| **Sent:** | Monday, April 03, 2017 9:47 AM |
| **To:** | Stephen Ferguson |
| **Subject:** | Re: [Ticket#2017032410004511] Request To Disable Domains: asiaasia.nl and topasia.nl |

Dear Mr. Ferguson,

thank you for your e-mail.

Please note that our subsidiary United Domains, Inc. has no connection to the domains in question and therefore please only contact us in this matter. We would also like to emphasize that united-domains AG is solely the Registrar of these domains but not providing any hosting services for them.

We have looked through the documents you provided but we do not find that any of the court orders specifically refers to one of the two domains in question.

In order to take any further steps we do need evidence that the domains are involved in an illegal activity as descrived in your letter.

Have you possibly also contacted the hosting provider of the domains, as it seems that the domains have been taken offline?

Sincerely,

Steffen Hamann
Legal Counsel
--------------------------------------------------------
united-domains AG
Gautinger Straße 10
82319 Starnberg
Tel.: + 49 8151 36867-25
(Mo.–Fr. 08:00–18:00 Uhr)
Fax: + 49 8151 36867-77
Web: www.united-domains.de
Support: www.united-domains.de/support
Facebook: www.facebook.com/uniteddomains
Twitter: www.twitter.com/uniteddomains
--------------------------------------------------------
Sitz: Starnberg, HRB 127020, Amtsgericht München
Vorstand: Florian Huber (Vors.), Alexander Helm, Markus Eggensperger
Aufsichtsrat: Robert Hoffmann (Vors.)
--------------------------------------------------------

24.03.2017 16:10 - Stephen Ferguson schrieb:
March 24, 2017

**VIA Email and International Registered Mail**


United-domains AG

Gautinger Straße 10

82319 Starnberg

Deutschland


support@united-domains.de


abuse@united-domains.de

1

**VIA Email and U.S. Certified Mail**


United Domains, Inc.

210 Broadway, Suite 201/NGIN

Cambridge, MA 02139

support@uniteddomains.com

abuse@uniteddomains.com


      Re:    **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil Action No. 1:15cv706 (E.D. Va.)**


Dear United-domains AG and United Domains, Inc.:


      This law firm is legal counsel for DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively "Plaintiffs") in the above referenced lawsuit against Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava").  This lawsuit brought federal copyright and trademark infringement claims against Shava arising out of their distribution of numerous Arabic and South Asian-language channels.[1]


The purpose of this letter is to notify you that Shava is using the domains **asiaasia.nl** and **topasia.nl** in the course of infringing Plaintiffs' copyrights in violation of permanent injunction orders entered by the United States District Court for the Eastern District of Virginia.  As such, we request your assistance in permanently disabling these domains.


Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016.  The order enjoins Shava IPTV, Mr. Butt, and any persons or entities acting in active concert or participation with them that receives actual notice of the order from, among other things: [R]eproducing, copying, transmitting, streaming, distributing, or publicly performing in the United States, by means of any device or process, any of the Protected Channels or any of the programming that comprises or appears on the Protected Channels; Enclosed please find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced decisions dated September 15, 2016 and January 6, 2017.  The permanent injunction provides in relevant part that:

[D]efendants Imran Butt and Naeem Butt are **PERMANENTLY ENJOINED** from further infringing on plaintiffs Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., Viacom 18 Media Private Limited, and DISH Network L.L.C.'s exclusive rights in their copyrights and trademarks.
The order also awards $25.65 million in damages under the Copyright Act.


The Shava TV set-top box and service is using the domain asiaasia.nl and the Cres IPTV set-top box and service is using the domain topasia.nl in the course of infringing Plaintiffs' copyrights in violation of these permanent injunction orders by continuing to distribute the Protected Channels in the United States.

Pursuant to your General Terms & Conditions you may suspend, terminate, cease transmission of data, and take any other actions you deem necessary for your customer's violation of the intellectual property rights of any third party. (*See* https://www.uniteddomains.com/service/termsandconditions/ at ¶¶ 2.2.6, 2.3.4, 2.3.8, and 7.9.)  Accordingly, we request your assistance in permanently disabling the asiaasia.nl and topasia.nl domains.

We would appreciate a response within 5 days confirming that you have permanently disabled the asiaasia.nl and topasia.nl domains.

**HAGAN NOLL & BOYLE LLC**

_____
Stephen M. Ferguson

(*enclosures attached in PDF file*)

---

[1] Plaintiffs own or control exclusive rights under copyright to distribute the following channels that Shava is continuing to distribute in the United States: Aasthat Bhajan, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, ARY Digital, ARY News, ATN Bangla, B4U Movies, B4U Music, Banglavision, Channel-i, Colors (Aapka Colors), Dunya TV, Future TV, Geo News, Iqraa, LBC, Life OK, MBC1, MBC Drama, MBC Masr, Murr TV (MTV Lebanon), Noursat, NTV Bangla, OTV, SAB, SET Max, Sony SET, Star India Plus, and Zee Cinema (collectively "Protected Channels").

# EXHIBIT 3





## Dealers America

You are here:  Home  / Dealers America

| | | |
|---|---|---|
| Arizona | Austria | California |
| New york | Georgia | Illinois |
| Maryland | Massachusetts | Minesota |
| Ohio | Texas | Utah |
| Virginia | Need Dealers | Need Dealers |

© Copyright - ShavaTv - SHAVATV | Privacy | Terms of use





## Arizona

You are here:  Home  / Arizona

99 INTERNATIONAL MARKET
MR. BURI
99 International Market
2742 W. Camelback Rd.
Phoenix, Arizona, 85017
(Tel: 602 561 6236)

DAVINDER SING
Address: 2544 n 7th st #101
City: Phoenix
Postal Code: 85006
Country: United States of America
Phone Number: (480)248-0856
Email: Pk100ja@msn.com

LULUS MINI MARKET
11 W Baseline,Tempe, AZ, 85383.
Tel: 480-755-2330

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## California

You are here: Home / Asian Dealers / United States / California

| | |
|---|---|
| **(California)**<br><br>**Kenny (909-213-7081,909 498 6132**<br>**S. Chauhdry (770 815 8315)** | Shak (510 290 0786) |
| **BOMBAY MUSIC (BERKELEY)**<br><br>Mr. Anil Ajmany, 1006 University Ave.,<br>BERKELEY, CA 94710, USA<br>PHONE: 5108453311<br>E-MAIL; 1bombaymusic@gmail.com | **HALAL FOOD MARKET IN BERKELEY**<br><br>Mr. Ali<br><br>1964 SAN PABLO AVE, BERKELEY, CA 94702<br>PHONE :510 845 2000 , 925 914 1498 |
| **HI-TECH INTERNATIONAL (W.**<br>**SACRAMANTO)**<br><br>1449 SACRAMENTO AVENUE, WEST<br>SACRAMENTO, CA 95605<br>PHONE :916-995-8525<br>E-MAIL: sohaziz@gmail.com | **Indian Grocery and General Store**<br>**Mr. SINGH**<br><br>Phone:209 450 1365<br>[]<br>C-3230 Mitchell Rd Ceres, CA 95307<br>bigdepotindian@hotmail.com<br>[mailto:bigdepotindian@hotmail.com] |
| **INDIA BAZZAR (STOCKTON)** | **INDIAN FOOD MART. (FRESNO)** |

| | |
|---|---|
| Mr. Happy, 1304 E.Hammer Lane, Stockton, CA 95210<br>PHONE :209-478-0285 , 209-594-8473 | 4792 E KINGS CANYON ROAD, FRESNO, CA 93702,USA<br>PHONE :559-994-1417<br>E-MAIL; harryrta@gmail.com |
| **MR. AFTAB IN SACRAMENTO**<br>4401, 47TH STREET, SACRAMENTO, CA 05824<br>PHONE : 916 747 1357 | **MR. ATUL MALIK (BERKELEY)**<br>1962 San Pablo Avenue, Berkeley,CA 94702<br><br>Phone: 510 649 7777<br>E-mail: infinitytravels@sbcglobal.net |
| **MR. AVTAR SINGH (BSONS TRAVEL & TEXAS SERVICE)**<br>1652 WEST TEXAS STREET189, SUITE 205, FAIRFIELD, CA 94533,<br>PHONE :707 703 1451 | **MR. KARIM, SMOKE FOR LESS**<br>1652 N. Texas Street, Fairfield, CA 94533<br>PHONE :510-684-9586<br>Email:karimhotaki@gmail.com |
| **MR. NAVEEN KHOSLA (SHALIMAR INDIAN GROCERY)**<br>32120 ALVARADO BLVD, UNION CITY, CA 94587<br>PHONE :510 487 7752 , 209 678 5004 | **MR. PARSAD (FIJI INDIAN STORE)**<br>117 WEST MAIN STREET, WOODLAND, CA 95695<br>PHONE :530 668 8333 |
| **MR. SHAFI (HALAL MEATS)**<br>1538 S. DE ANZA BLVD, SAN JOSE, CA 95129,<br>PHONE :408 865 1222 | **Royal Punjab (Yuba city)**<br>1494 BRIDGE STREET, SUIT C, YUBA CITY, CA 95993<br>PHONE :530 751 2442 |
| **RAVI** | **RICHMOND, CA (MR. SHAKEEL)** |

Phone:661 835 8930 []
All India Sweet, 3150 Panama Slane # K,
Bakersfield, CA 93313
usakamboj@yahoo.com
[mailto:usakamboj@yahoo.com]

Mr. Shakeel
BEST TIRES & WHEELS, 12826, SAN PABLO
AVENUE,

RICHMOND CA 94805, Ph. 510 234 1700
[tel:510%20234%201700]

---

**SHARMA JI, BOMBAY VIDEO (YUBA CITY)**

1410 Bridge Street, Yuba City, CA 95993
PHONE :530-673-7150

**SHUJA SIDDIQI**

Phone:510 364 7595 []
Halal Meat and Grocery, 583 Saratoga
avenue, Santa Clara, CA 95050
shuja_siddi@hotmail.com
[mailto:shuja_siddi@hotmail.com]

---

**Universal Appliances Inc**
18431 Pioneer Blvd
Artesia, CA 90701
United States
Phone number (562) 865-3767

**SMOKE ZONE, (FREEMONT)**

Mir Wais, 46699 Massion Blvd, Freemont, CA
94534
PHONE :510-656-9663 , 510-688-5878

---

**TARIQ**

Phone # 315 542 5615 []
17 Sola Court, Sacramento, CA 95835
Email:hemo7863@gmail.com
[mailto:home7863@gmail.com]

**UNION CITY, CA (MR. WAQAS)**

Mr. Waqas, CURRY KING , PAKISTAN AND
INDIAN CUISINE,
34579 ALVARADO NILES ROAD, UNION CITY,
CA 94587
510 200 1730 [tel:510%20200%201730]
:waqaskhawaja85@yahoo.com

---

**Prince Barber Shop**

37477 Fremont blvd suite C CA
Ph:5106779942 [tel:5106779942] ,
5105059605 [tel:5105059605]

**Amar Fashion Grocery Bazzar**Phone:209-
634-4840
Lande ave Turlock CA

| Madina Zabiha Halal Foods fremont<br>510 445 0786 | Rakesh<br><br>Contact: rakesh<br>101 Railroad Ave. Antioch, CA 94509<br>Phone: 925-778-7860, Email:<br>rakesh.sahni@yahoo.com |
|---|---|
| **Raavi Restaurant (Sanfrancisco)**<br>Jackson St ca Sanfrancisco<br>PH:510 290 0786 | . |





## Georgia

You are here: Home / Asian Dealers / United States / Georgia

ALL ELECTRONIC2 EXPO / MOHAMED
MUKHTAR

447 N.Indian creek dr, Clarkston Ga 30021
Email: Mohamed _muqtar@yahoo.com

BISHMILLAH HALAL GROCERY STORE

279 Power ferrys rd Marietta 30067
Phone:770-565-8859

DESI BAZAR AND HALAL MEAT

Mostaque Ahmed

2785 Cruse Road # 10

Lawranceville, 30044

Cell: 404 451 5730, Tel: 678 615 7089

Email: mohimatl@yahoo.com

www.desibazarus.com

FAISAL CHAUHDRY

1000 Pine cove dr Lilburn ga 30047
Phone:770-617-4369

NAMASTE BOLLYWOOD

MOHSIN SOMANI
NAMASTE BOLLYWOOD
770 DEKALB INDUSTRIAL WAY
SUITE A
DECATUR, GA. 30033
TEL. NO. (678) 561-4786
[tel:%28678%29%20561-4786]
CELL. NO. (404) 513-5786
[tel:%28404%29%20513-5786]

SABRI KABAB HOUSE / BOLLYWOOD VIDEO

6075 singleton rd,Norcross Ga 30093
Phone: 678-768-1300

SHAHI FASHION & VIDEO

851 Oak road Lawrenceville ga 30044
Phone:404-786-0685

SHAHZAD CHAUHDRY

6576 Dawson blvd norcross ga 30093
Email: Shchauhdry@yahoo.com
Phone:+1-770-815-8315

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Illinois

You are here:  Home  /  Asian Dealers  /  United States  /  Illinois

### ALLIED AUTO /ABRAR SAHI – ROSELLE

680 West Lake St. Roselle, IL 60172
Phone:+1-630-202-9430

### AYAAN @ DEVON AVE, CHICAGO

2356 W DEVON AVE
CHICAGO, IL 60659
Phone:+1-773-2629226

### INDO PAK FOODS / GLENDALE HEIGHTS

1985 Bloomingdale Rd, Glendale Heights, IL 60139
Phone:1 630 539 4078

### SHEHZAD

7/11 store

954 W Monroe St. Chicago – IL 6067

Phone: 773-396-9111

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Maryland

You are here: **Home** / Maryland

MR. SHAHID, COLUMBIA HALAL MEAT

6520 Old Waterloo Road, Elkridge. MD 20175
Phone: 410-799-1910

MR. TARIQ, AL MADINA HALAL MEAT AND SPICES

1808 Woodlawn Drive, Gwynn Oak, MD 21207, Baltimore
Phone: 410-265-8300

© Copyright - ShavaTv - SHAVATV | Privacy | Terms of use





## Massachusetts

You are here: Home / Massachusetts

HAMDI HALAL MARKET

Hamdi Halal Market

1433 Tremont Street

Boston, MA 02120

Tel: 617 606 7108

moguled@gmail.com

© Copyright - ShavaTv - SHAVATV | Privacy | Terms of use





## Minesota

You are here:  Home  /  Minesota

YUSUF AHMAD ABOW

Global Wireless and Computer Service

311 W Lake St MINNEAPOLIS MN

55408

Phone: 6124239900

midtowncomputer@gmail.com

© Copyright - ShavaTv - SHAVATV | Privacy | Terms of use





# New Jersey

You are here:  Home  /  Asian Dealers  /  United States  /  New Jersey

AYAAN

530 MONTGOMERY ST
JERSEY CITY, NJ 07302
Phone:+1-201-4511010

AYAAN

1367 OAKTREE RD
Iselin, NJ 08830
Phone: 732-283-1115

JD ASIAN GROCERY STORE (YOUSUF SHAD)

285 Grove Street
Jersey City, NJ 07302
Phone:+12014517817

RAINBOW BOOK SHOP / JAVED

430 lincoln Hwy Iselin, NJ 08830
Phone:+1-732-283-1186

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





New york

You are here: Home / New york

| | | |
|---|---|---|
| CELL BELL<br>7317 37TH RD<br><br>JACKSONHEIGHTS, NY 11372<br>Phone:+1-718-4788100 | CHARLIE PAN SHOP<br>134 E 27TH ST B/W 3RD & Lexington Ave<br>NEWYORK, NY 10016<br>Phone:+1-212-5761122 | EZEE COMMUNICATIONS INC1067 CONEY ISLAND AVE<br>BROOKLYN, NY 11230<br>Phone:+1-718-5766744 |
| MICRO ZONE INC.<br>(Computer Repair Store)<br>1 New Bridge Rd. (Unit B)<br>(Next to Dunkin Donuts and Wize Eyes outlet)<br>Hicksville, NY 11801,<br>516 209 1560<br>microzoney.com | SOJI STATIONERY<br>Soji Stationery,<br>396 Palmer Avenue, Mamaroneck, NY 10543<br>Tel:9143151003<br>Email Address : dilipdn444@yahoo.com | UJA<br>953 newkirk ave<br>corner of coney island ave Brooklyn<br>Phone:+1-347-240-1421 |

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Ohio

You are here: Home / Ohio

FAKHI SAIKH MOHAMMAD

Columbus, OH 43204

Phone Number : 6142098811 [tel:6142098811]

Email Address : MCALLIN2@HOTMAIL.COM
[mailto:MCALLIN2@HOTMAIL.COM]

AMIR QURESHI (CINCINNATI AREA – OHIO)

6786 Tylersville Road ,West Chester, OH 45069
Phone: Phone Number: 513-800-0345
Email:4cincy@gmail.com

MAKTABA TU SUNNA

Islamic Book Store / Ahmad Aziz

Columbus OH 43228.

ph. 6149170691

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





Portland

You are here:  Home  /  Asian Dealers  /  United States  /  Portland

**OSAMA QUTAB**

Qutab International Marketing

9928 SW Quail Post Rd, Portland, OR, 97219

Tel: 503-781-7296

Email: osamaqutub@hotmail.com [mailto:osamaqutub@hotmail.com]

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





Texas

You are here: Home / Texas

## ASIA FASHION ( MOHAMMAD NOOR )

Address: 2301 N. O`Connor Road. Suite # D, Irving, TX 75062
Phone:972-887-3063 , Cell: 972-408-7966 , Fax: 972-887-3064

## HASSAN SHIRE

2047 Dahlia ST, Amarillo TX 79107.

Phone Number : (806) 674-1895 [tel:%28806%29%20674-1895]
Email Address : amasomali@yahoo.com
[mailto:amasomali@yahoo.com]

## VONOCALL TELECOM / YOUSEF ALBANNA

Address: 2540 E Plano Pkwy,Plano, 75074
Phone:+14695560043
Email: yousef@vonocall.com

## ZAEEM AHMAD

City: Houston
Phone: 832-202-5010

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Utah

You are here:  Home  / Asian Dealers  / United States  / Utah

MADYAN HUSSEIN

P.O. Box 334

Salt Lake City

UT 84110

Phone: 801-661-3302
Email: madyan@live.com

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Virginia

You are here: **Home** / Virginia

### ALI GROCERY. RTE-1 IN WOODBRIDGE

(Rehmat Ali) 14808 Build America Drive, Rout 1, Woodbridge, VA 22191
Phone Number: 703-497-8669

### BANGLA BAZAR (ARLINGTON)

(Taj ul Islam) 5149 Lee Hwy Arlington, VA 22207
Phone Number: 703-928-9082
Email: mdtislam07@gmail.com

### CSS INC. (CHANTILLY)

14240-F Sullyfield Circle Chantilly VA 20151
Phone:703-367-0622
(Time – 9am to 6pm-after 5pm, please call before coming)

### DMV WIRELESS/CHANDNI VIDEO:SPRINGFIELD VA

7054 Spring Garden Dr

Springfield VA 22150.

Phone: 703-451-5580

### FAIR PRICE (WOODBRIDGE)

### ZEE SPORTS

| | |
|---|---|
| 13863 SMOKETOWN ROAD, WOODBRIDGE, VA 22192,<br>Phone:703-350-1170 | Zahid Mahmood<br>10756 Ambassador Dr. Ste:201<br>Manassas VA 20109<br>Ph:7038694880<br>Email:zeesportsinternational@gmail.com<br>[mailto:zeesportsinternational@gmail.com] |
| KALSAN BOUTIQUE- FALLS CHURCH<br><br>3538 Carlin Springs Road,<br><br>Falls Church, VA, 22041,<br><br>703 379 2799 (Mr. SAEED HASSAN) | MISBAH BASIT, M & T ENTERPRISE LLC,<br><br>Phone # 703 380 3990 []<br>4164 Travers Court Chantilly, VA 20151<br>Misbahil.combasit@gmail.com<br>[mailto:Misbahil.combasit@gmail.com] |
| PAK BANGLA BAZAR / MUHAMMAD HOSSAIN<br><br>3439 Charles ST., Falls Church , 22041<br>Phone Number: 7032563141<br>Email: dolna2010@yahoo.com | SALEEM AT ARLINGTON GROCERY<br><br>2524 Columbia Pike, Arlington, VA 22204<br>Phone Number: 703-477-7671 |

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use





## Washington

You are here:  Home  /  Asian Dealers  /  United States  /  Washington

ABDINASIR NUR

Maka Mini Market,4419,

South Brandon St.

Seattle. 98118

Tel: 206 261 4419

AMJAD KHALIL

Premium Cigar & Pipes: 17711 # B HWY 99,
Lynwood WA 98037
Phone: 425 741 2424
Email:premiumcigars@hotmail.com

SHAKIR MOHMUD

West Seattle Halal Market,
9405 16th Ave, SW Seattle, WA 98106, USA
Tel: 206 767 1936,
Email: ws.halalmarket@gmail.com
[mailto:ws.halalmarket@gmail.com]

© Copyright - ShavaTV - SHAVATV | Privacy | Terms of use

# EXHIBIT 4



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

March 13, 2017

**VIA U.S. Mail**

Family Phone
7062 Broadway
Jackson Heights, NY 11372

      Re:    **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil Action No. 1:15cv706 (E.D. Va.)**

Dear Family Phone:

      This law firm represents the Plaintiffs in the above referenced lawsuit against Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava and Cres"). This lawsuit brought federal copyright and trademark infringement claims against Shava and Cres arising out of their distribution of numerous Arabic and South Asian-language channels in the United States.[1]

      The purpose of this letter is to notify you that Shava and Cres are continuing to distribute the Protected Channels in the United States, infringing Plaintiffs' copyrights in violation of court orders, and to demand that you cease promotion and sale of these set-top boxes and services.

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively "Plaintiffs") own or control exclusive rights under copyright to distribute the following channels that Shava and Cres are distributing in the United States: Aaj Tak, Aastha Bhajan, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, ARY Digital, ARY News, ATN Bangla, B4U Music, B4U Movies, Banglavision, Channel-i, Colors (Aapka Colors), Dream 2, Dunya TV, ESC, Express News, Future TV, Geo TV, Geo News, Headlines Today (India Today), Iqraa, Jaya TV, LBC, Life OK, MBC1, MBC Drama, MBC Kids (MBC3), MBC Masr, MH1, MTV Hindi (MTV India), Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Nile Drama, Noursat, NTV Bangla, ONTV, OTV, Rishtey, SAB, SET Max, Sony SET, Star India Plus, Zee Cinema, and Zee TV (collectively "Protected Channels").

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016.  Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced September 15, 2016 and January 6, 2017 report and recommendations. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks.  The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

Shava and Cres listed you as a dealer on their websites, or we are otherwise aware that you have been actively distributing and offering to the public Shava TV or Cres IPTV set-top boxes and services.  Your promotion and sale of these set-top boxes and services that are distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district court enjoined and prohibited in its April 25, 2016 and January 24, 2017 orders. Your continued sale of Shava TV or Cres IPTV set-top-boxes and services may subject you to monetary liability and potentially court orders, including an order holding you in contempt of court.

We demand that you take immediate action to ensure that you do not distribute, provide, or promote Shava TV or Cres IPTV set-top boxes and services or any other set-top box or service that distributes our clients' Protected Channels in the United States.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

August 23, 2017

**VIA Email and U.S. Certified Mail**

Family Phone
Attn: Mohammad Rana
70-62 Broadway
Jackson Heights, NY 11372
m_rana6@yahoo.com

> Re:   **Second Cease and Desist Letter Concerning Promotion and Sale of Set-top Boxes and Services**
>
> **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil Action No. 1:15cv706 (E.D. Va.)**

Dear Family Phone and Mohammad Rana:

This law firm represents the Plaintiffs in the above referenced lawsuit against Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava"). This lawsuit brought federal copyright and trademark infringement claims against Shava arising out of their distribution of numerous Arabic and South Asian-language channels in the United States.[1]

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively "Plaintiffs") own or control exclusive rights under copyright to distribute the following channels that Shava is distributing in the United States: Aastha, Aastha Bhajan, Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, ARY Digital, ARY News, ATN Bangla, B4U Music, B4U Movies, Banglavision, Boishakhi, Braem, Channel-i, Colors (Aapka Colors), Dunya TV, Geo News, Hum Masala, Hum Sitaray, Hum TV, Hum World HD, Iqraa, Jeem, LBC, Life OK, Masranga TV, MBC Action, MBC Drama, MTV Hindi (MTV India), Movies OK, Murr TV (MTV Lebanon), NDTV 24x7, New TV (Al Jadeed), NTV Bangla, OTV, SAB, Sahara One, SET Max, Sony SET, Star India Plus, Times Now, Zee Cinema, and Zee TV (collectively "Protected Channels").

We sent you correspondence on March 13, 2017 demanding that you cease promotion and sale of Shava TV set-top boxes and services. Shava is continuing to distribute the Protected Channels in the United States, infringing Plaintiffs' copyrights in violation of court orders, and we again demand that you cease promotion and sale of these set-top boxes and services.

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016. Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced decisions dated September 15, 2016 and January 6, 2017. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks. The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

We are aware that you have been actively distributing and offering to the public Shava TV set-top boxes and services. Your promotion and sale of this set-top box and service that is distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district court enjoined and prohibited in its April 25, 2016 and January 24, 2017 orders.

We demand that you take immediate action to cease all infringement of Plaintiffs' rights, including without limitation, by ceasing to distribute, provide, or promote the Shava TV set-top-box and service or any other set-top box or service that distributes Plaintiffs' Protected Channels in the United States. This letter is not a complete statement of Plaintiffs' rights in connection with this matter, and nothing contained herein constitutes an express or implied waiver of any rights or remedies Plaintiffs may possess, all of which are expressly reserved.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

# EXHIBIT 5



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

March 28, 2017

**VIA U.S. Mail**

ABC 74th Inc.
37-65 74th St.
Jackson Heights, NY 11372

      Re:    **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil Action No. 1:15cv706 (E.D. Va.)**

              **DISH Network L.L.C. v. Lool Tech Co., Limited et al., Civil Action No. 4:16cv1771 (S.D. Tex.)**

Dear ABC 74th:

      This law firm represents the Plaintiffs in the above referenced lawsuits against Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava, Cres") and Lool Tech Co., Limited and Shenzhen Bilinren Technogloy Co., LTD, d/b/a Shenzhen Lool Tech Co., LTD (collectively "Lool").  These lawsuits brought federal copyright and trademark infringement claims against Shava, Cres, and Lool arising out of their distribution of numerous Arabic and South Asian-language channels in the United States.[1]

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively "Plaintiffs") own or control exclusive rights under copyright to distribute numerous channels in the United States, including but not limited to the following that were at issue in the lawsuits: Aaj Tak, Aastha Bhajan, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, ARY Digital, ARY News, ATN Bangla, B4U Music, B4U Movies, Banglavision, Channel-i, Colors (Aapka Colors), Dream 2, Dunya TV, ESC, Express News, Future TV, Geo TV, Geo News, Headlines Today (India Today), Iqraa, Jaya TV, LBC, Life OK, MBC1, MBC Drama, MBC Kids (MBC3), MBC Masr, MH1, MTV Hindi (MTV India), Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Nile Drama, Noursat, NTV Bangla, ONTV, OTV, Rishtey, SAB, SET Max, Sony SET, Star India Plus, Zee Cinema, and Zee TV (collectively "Protected Channels").

The purpose of this letter is to notify you of the court orders entered against Shava, Cres, and Lool, and to demand that you cease promotion and sale of all set-top boxes and services that distribute our clients' Protected Channels in the United States.

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016. Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced decisions dated September 15, 2016 and January 6, 2017. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks. The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

Also enclosed is a copy of the order and permanent injunction entered against Lool by the United States District Court for the Southern District of Texas on March 17, 2017. Among other things, the permanent injunction enjoins Lool and any persons or entities, including dealers, acting in active concert or participation with them from distributing, providing, or promoting the Loolbox set-top box and service for as long as they are distributing any of the Protected Channels, as identified in the Court's order. The order also awards $1,050,000 in damages under the Copyright Act.

Promotion and sale of set-top boxes and services that are distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district courts enjoined and prohibited in their April 25, 2016, January 24, 2017, and March 17, 2017 orders.

We demand that you take immediate action to cease all infringement of Plaintiffs' rights, including without limitation, by ceasing to distribute, provide, or promote any set-top box or service that distributes our clients' Protected Channels in the United States. This letter is not a complete statement of Plaintiffs' rights in connection with this matter, and nothing contained herein constitutes an express or implied waiver of any rights or remedies Plaintiffs may possess, all of which are expressly reserved.

Sincerely,

HAGAN NOLL & BOYLE LLC

Stephen M. Ferguson



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

---

August 23, 2017

**VIA Email and U.S. Certified Mail**

ABC 1 NYC Inc.
Attn: Nearaj Bhalla
37-65 74th St.
Jackson Heights, NY 11372
abc74st@gmail.com

>       Re:    **Second Cease and Desist Letter Concerning Promotion and Sale of Set-top
>              Boxes and Services**
>
>              **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil
>              Action No. 1:15cv706 (E.D. Va.)**

Dear ABC 1 NYC and Nearaj Bhalla:

        This law firm represents the Plaintiffs in the above referenced lawsuit against Shava IPTV
Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing
business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava").
This lawsuit brought federal copyright and trademark infringement claims against Shava arising
out of their distribution of numerous Arabic and South Asian-language channels in the United
States.[1]

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA
LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC,
Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively
"Plaintiffs") own or control exclusive rights under copyright to distribute the following channels
that Shava is distributing in the United States: Aastha, Aastha Bhajan, Al Arabiya, Al Hayah 1, Al
Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, ARY Digital, ARY News, ATN
Bangla, B4U Music, B4U Movies, Banglavision, Boishakhi, Braem, Channel-i, Colors (Aapka
Colors), Dunya TV, Geo News, Hum Masala, Hum Sitaray, Hum TV, Hum World HD, Iqraa,
Jeem, LBC, Life OK, Masranga TV, MBC Action, MBC Drama, MTV Hindi (MTV India),
Movies OK, Murr TV (MTV Lebanon), NDTV 24x7, New TV (Al Jadeed), NTV Bangla, OTV,
SAB, Sahara One, SET Max, Sony SET, Star India Plus, Times Now, Zee Cinema, and Zee TV
(collectively "Protected Channels").

We sent you correspondence on March 28, 2017 demanding that you cease promotion and sale of Shava TV set-top boxes and services. Shava is continuing to distribute the Protected Channels in the United States, infringing Plaintiffs' copyrights in violation of court orders, and we again demand that you cease promotion and sale of these set-top boxes and services.

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016. Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced decisions dated September 15, 2016 and January 6, 2017. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks. The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

We are aware that you have been actively distributing and offering to the public Shava TV set-top boxes and services. Your promotion and sale of this set-top box and service that is distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district court enjoined and prohibited in its April 25, 2016 and January 24, 2017 orders.

We demand that you take immediate action to cease all infringement of Plaintiffs' rights, including without limitation, by ceasing to distribute, provide, or promote the Shava TV set-top-box and service or any other set-top box or service that distributes Plaintiffs' Protected Channels in the United States. This letter is not a complete statement of Plaintiffs' rights in connection with this matter, and nothing contained herein constitutes an express or implied waiver of any rights or remedies Plaintiffs may possess, all of which are expressly reserved.

Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

# EXHIBIT 6



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

March 27, 2017

**VIA U.S. Mail**

Worldwide Electronics
2348 W. Devon Ave.
Chicago, IL 60659

> Re:   **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al., Civil Action No. 1:15cv706 (E.D. Va.)**
>
> **DISH Network L.L.C. v. Lool Tech Co., Limited et al., Civil Action No. 4:16cv1771 (S.D. Tex.)**

Dear Worldwide Electronics:

This law firm represents the Plaintiffs in the above referenced lawsuits against Shava IPTV Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava, Cres") and Lool Tech Co., Limited and Shenzhen Bilinren Technogloy Co., LTD, d/b/a Shenzhen Lool Tech Co., LTD (collectively "Lool"). These lawsuits brought federal copyright and trademark infringement claims against Shava, Cres, and Lool arising out of their distribution of numerous Arabic and South Asian-language channels in the United States.[1]

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC, Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively "Plaintiffs") own or control exclusive rights under copyright to distribute numerous channels in the United States, including but not limited to the following that were at issue in the lawsuits: Aaj Tak, Aastha Bhajan, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, ARY Digital, ARY News, ATN Bangla, B4U Music, B4U Movies, Banglavision, Channel-i, Colors (Aapka Colors), Dream 2, Dunya TV, ESC, Express News, Future TV, Geo TV, Geo News, Headlines Today (India Today), Iqraa, Jaya TV, LBC, Life OK, MBC1, MBC Drama, MBC Kids (MBC3), MBC Masr, MH1, MTV Hindi (MTV India), Murr TV (MTV Lebanon), NBN, New TV (Al Jadeed), Nile Drama, Noursat, NTV Bangla, ONTV, OTV, Rishtey, SAB, SET Max, Sony SET, Star India Plus, Zee Cinema, and Zee TV (collectively "Protected Channels").

The purpose of this letter is to notify you of the court orders entered against Shava, Cres, and Lool, and to demand that you cease promotion and sale of all set-top boxes and services that distribute our clients' Protected Channels in the United States.

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016. Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced decisions dated September 15, 2016 and January 6, 2017. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks. The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

Also enclosed is a copy of the order and permanent injunction entered against Lool by the United States District Court for the Southern District of Texas on March 17, 2017. Among other things, the permanent injunction enjoins Lool and any persons or entities, including dealers, acting in active concert or participation with them from distributing, providing, or promoting the Loolbox set-top box and service for as long as they are distributing any of the Protected Channels, as identified in the Court's order. The order also awards $1,050,000 in damages under the Copyright Act.

Promotion and sale of set-top boxes and services that are distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district courts enjoined and prohibited in their April 25, 2016, January 24, 2017, and March 17, 2017 orders.

We demand that you take immediate action to cease all infringement of Plaintiffs' rights, including without limitation, by ceasing to distribute, provide, or promote any set-top box or service that distributes our clients' Protected Channels in the United States. This letter is not a complete statement of Plaintiffs' rights in connection with this matter, and nothing contained herein constitutes an express or implied waiver of any rights or remedies Plaintiffs may possess, all of which are expressly reserved.

Sincerely,

HAGAN NOLL & BOYLE LLC

Stephen M. Ferguson

# EXHIBIT 7



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

March 13, 2017

**VIA Email and U.S. Mail**

Zee Sports
Zahid Mahmood
10756 Ambassador Dr., Ste. 201
Manassas, VA 20109
zeesportsinternational@gmail.com

   Re: **DISH Network L.L.C. et al. v. Shava IPTV Network LLC et al.,** Civil
     **Action No. 1:15cv706 (E.D. Va.)**

Dear Zee Sports and Zahid Mahmood:

   This law firm represents the Plaintiffs in the above referenced lawsuit against Shava IPTV
Network LLC, Nadeem Butt, Imran Butt, and Naeem Butt, individually and together doing
business as Shava TV, Cres IPTV, Iraa Enterprises, and Maple Electronics (collectively "Shava
and Cres").  This lawsuit brought federal copyright and trademark infringement claims against
Shava and Cres arising out of their distribution of numerous Arabic and South Asian-language
channels in the United States.[1]

   The purpose of this letter is to notify you that Shava and Cres are continuing to distribute
the Protected Channels in the United States, infringing Plaintiffs' copyrights in violation of court
orders, and to demand that you cease promotion and sale of these set-top boxes and services.

---

[1] DISH Network L.L.C., Al Jazeera Media Network, Asia TV USA Ltd., B4U U.S. Inc., GEO USA
LLC, Impress Telefilm, Inc., MBC FZ LLC, MSM Asia Ltd., Soundview Broadcasting LLC,
Soundview ATN LLC, Star India Private Ltd., and Viacom 18 Media Private Limited (collectively
"Plaintiffs") own or control exclusive rights under copyright to distribute the following channels
that Shava and Cres are distributing in the United States: Aaj Tak, Aastha Bhajan, Al Hayah 1, Al
Jazeera Arabic News, Al Jazeera English, Al Jazeera Mubasher, Al Jazeera Mubasher Misr, ARY
Digital, ARY News, ATN Bangla, B4U Music, B4U Movies, Banglavision, Channel-i, Colors
(Aapka Colors), Dream 2, Dunya TV, ESC, Express News, Future TV, Geo TV, Geo News,
Headlines Today (India Today), Iqraa, Jaya TV, LBC, Life OK, MBC1, MBC Drama, MBC Kids
(MBC3), MBC Masr, MH1, MTV Hindi (MTV India), Murr TV (MTV Lebanon), NBN, New TV
(Al Jadeed), Nile Drama, Noursat, NTV Bangla, ONTV, OTV, Rishtey, SAB, SET Max, Sony
SET, Star India Plus, Zee Cinema, and Zee TV (collectively "Protected Channels").

Enclosed please find a copy of the order and permanent injunction entered against Shava IPTV Network LLC and Nadeem Butt by the United States District Court for the Eastern District of Virginia on April 25, 2016.  Among other things, the permanent injunction enjoins them and any persons or entities acting in active concert or participation with them from distributing, providing, or promoting Shava TV and Cres IPTV set-top boxes for as long as they are distributing any of the Protected Channels.

Enclosed please also find a copy of the order and permanent injunction entered against Imran Butt and Naeem Butt by the United States District Court for the Eastern District of Virginia on January 24, 2017, as well as the referenced September 15, 2016 and January 6, 2017 report and recommendations. The permanent injunction enjoins them from further infringing Plaintiffs' exclusive rights in their copyrights and trademarks.  The order also awards plaintiffs $25,650,000 in damages under the Copyright Act.

Shava and Cres listed you as a dealer on their websites, or we are otherwise aware that you have been actively distributing and offering to the public Shava TV or Cres IPTV set-top boxes and services.  Your promotion and sale of these set-top boxes and services that are distributing the Protected Channels constitutes secondary copyright infringement and is the type of illegal conduct the federal district court enjoined and prohibited in its April 25, 2016 and January 24, 2017 orders. Your continued sale of Shava TV or Cres IPTV set-top-boxes and services may subject you to monetary liability and potentially court orders, including an order holding you in contempt of court.

We demand that you take immediate action to ensure that you do not distribute, provide, or promote Shava TV or Cres IPTV set-top boxes and services or any other set-top box or service that distributes our clients' Protected Channels in the United States.

Sincerely,

HAGAN NOLL & BOYLE LLC

Stephen M. Ferguson

# EXHIBIT 8

Home  >   Whois Lookup  >   sHavaTv.com

# Whois Record for sHavaTv.com

Find out more about Project Whois and DomainTools for Windows.

DOMAINTOOLS for Windows        Download Now
Access domain ownership records from your desktop

**— Whois & Quick Stats**

| | | |
|---|---|---|
| Risk Score | 5 | → |
| Email | whois@accountsupport.com is associated with ~327 domains<br>support@accountsupport-inc.om is associated with ~2,690 domains | → |
| Registrant Org | DOMAIN PRIVACY SERVICE FBO REGISTRANT was found in ~1,447,773 other domains | → |
| Registrar | FastDomain, Inc. | |
| Registrar Status | clientTransferProhibited | |
| Dates | Created on 2010-12-20 - Expires on 2017-12-20 - Updated on 2016-12-04 | → |
| Name Server(s) | NS1.ACCOUNTSUPPORT.COM (has 27,081 domains)<br>NS2.ACCOUNTSUPPORT.COM (has 27,081 domains) | → |
| IP Address | 65.254.227.240 - 110,298 other sites hosted on this server | → |
| IP Location | - Massachusetts - Burlington - The Endurance International Group Inc. | |
| ASN | AS29873 BIZLAND-SD - The Endurance International Group, Inc., US (registered May 23, 2003) | |
| Domain Status | Registered And Active Website | |
| Whois History | 108 records have been archived since 2010-12-21 | → |
| IP History | 13 changes on 10 unique IP addresses over 7 years | → |
| Registrar History | 2 registrars with 1 drop | → |
| Hosting History | 3 changes on 4 unique name servers over 7 years | → |
| Whois Server | whois.fastdomain.com | |

**– Website**

| | |
|---|---|
| **Website Title** | 🌐 ShavaTV \| Best Internet Android TV Box |
| **Response Code** | 200 |
| **SEO Score** | 85% |
| **Terms** | 292 (Unique: 179, Linked: 122) |
| **Images** | 16 (Alt tags missing: 14) |
| **Links** | 75  (Internal: 48, Outbound: 9) |

**Whois Record ( last updated on 2017-10-02 )**

```
Domain Name: SHAVATV.COM
Registry Domain ID: 1631111234_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.fastdomain.com
Registrar URL: http://www.accountsupport.com/
Updated Date: 2016-12-04T13:38:32Z
Creation Date: 2010-12-20T04:12:08Z
Registrar Registration Expiration Date: 2017-12-20T04:12:08Z
Registrar: FastDomain Inc.
Registrar IANA ID: 1154
Registrar Abuse Contact Email: support@accountsupport-inc.om
Registrar Abuse Contact Phone: +1.8017659400
Reseller: AccountSupport Hosting
Domain Status: clientTransferProhibited (https://www.icann.org/epp#clientTransferProhibited)
Registry Registrant ID: FAST-15019473
Registrant Name: DOMAIN PRIVACY SERVICE FBO REGISTRANT
Registrant Organization:
Registrant Street: 70 BLANCHARD ROAD
Registrant City: BURLINGTON
Registrant State/Province: MASSACHUSETTS
Registrant Postal Code: 01803
Registrant Country: US
Registrant Phone: +1.8666424678
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: whois@accountsupport.com
Registry Admin ID: FAST-15019473
Admin Name: DOMAIN PRIVACY SERVICE FBO REGISTRANT
Admin Organization:
Admin Street: 70 BLANCHARD ROAD
Admin City: BURLINGTON
Admin State/Province: MASSACHUSETTS
Admin Postal Code: 01803
Admin Country: US
Admin Phone: +1.8666424678
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: whois@accountsupport.com
Registry Tech ID: FAST-15019473
Tech Name: DOMAIN PRIVACY SERVICE FBO REGISTRANT
```

```
Tech Organization:
Tech Street: 70 BLANCHARD ROAD
Tech City: BURLINGTON
Tech State/Province: MASSACHUSETTS
Tech Postal Code: 01803
Tech Country: US
Tech Phone: +1.8666424678
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: whois@accountsupport.com
Name Server: NS1.ACCOUNTSUPPORT.COM
Name Server: NS2.ACCOUNTSUPPORT.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```



DomainTools Iris
More data. Better context.
Faster response.

Learn More

**Tools**

| Whois History |
|---|

| Hosting History |
|---|

| Monitor Domain Properties | ▼ |
|---|---|

| Reverse Whois Lookup | ▼ |
|---|---|

| Reverse IP Address Lookup | ▼ |
|---|---|

| Reverse Name Server Lookup | ▼ |
|---|---|

| Network Tools | ▼ |
|---|---|

| Buy This Domain ▼ |
|---|

| Visit Website |
|---|

| ⬇ Preview the Full Domain Report |
|---|

# EXHIBIT 9

# Edit Contact Info

| Field | Current Value | Update |
|---|---|---|
| Contact Id | FAST-19623550 Clear Memcache - Registry Info - Registry Sync | |
| TLD | com | |
| Agent Id | 148338 32781141 | |
| User Id | as shavatv -- imran Butt | AccountSupport Hosting as shavatv -- imran Butt |
| First name | Imran | Imran |
| Last name | Butt | Butt |
| Organization | Imran Butt | Imran Butt |
| Street1 | 3-2965 | 3-2965 |
| Street2 | | |
| Street3 | | |
| City | islington | islington |
| State/Province | Ontario | Ontario |
| Country | CA | CA |
| Zip/Postal Code | M9L 2K8 | M9L 2K8 |
| Email | imranbutts@gmail.com | imranbutts@gmail.com |
| Phone | +1.647076712 | +1.647076712 |
| Phone Extension | | |
| Fax | | |
| Fax Extension | | |
| Contact Status | ok | Registry Info - Registry Sync |
| Date Created | 2013-02-12 23:19:06 | |

Update

# Whois format of current data

Info: (FAST-19623550)
Imran Butt
Imran Butt
3-2965
islington, Ontario M9L 2K8
CA
Phone: +1.647076712
Fax:
Email: imranbutts@gmail.com
Last modified: 2013-02-12 23:19:06 GMT

This contact is an Admin contact on 0 domains
This contact is a Billing contact on 0 domains
This contact is a Registrant contact on 1 domain (shavatv.com)
This contact is a Tech contact on 0 domains

# **EXHIBIT 10**



About us | Contact us | Press | Media | Worldwide

Buy Online Canada  You are here:  Home  / Buy Online  / Buy Online Canada  / ShavaTV America  / Shava MX America







# Shava MX America



• **$169**

Package Contents

1- Shava Box
2- Remote Control
3- RCA Cable
4- HDMI Cable
5- Eithernet Cable
6-Power Adapter
7- Wifi Antenna

| - | 1 | + |

Add to cart

Category: **ShavaTV America**.

### Description

## Product Description

ShavaTV offers an absolute entertainment interface for your family which is invincible . ShavaTV Plus also provides you the luxury to select the shows of your choice through our world class service such as VOD PLUS .

Note : your order and payment may be processed through a third party local dealer or distributor.

## Related Products



Wifi Antenna
**$10**

🛒 Add to cart    ▤ Show Details

# EXHIBIT 11

Home (http://www.zeesports.biz/index.php/)     Accessories (http://www.zeesports.biz/index.php/accessories.html)     Misc. Accessories
(http://www.zeesports.biz/index.php/accessories/misc-accessories.html)     Shava MX



(http://www.zeesports.biz/media/catalog/product/cache/1/image/fe1b14027ff9f196e220f58ebd707154/s/h/shava-tv-hd-plus-giftbox-1000x1000.jpg)



(http://www.zeesports.biz/media/catalog/product/s/h/shava-tv-hd-plus-giftbox-1000x1000.jpg)

‹   ›

Shava MX (http://www.zeesports.biz/index.php/accessories/misc-accessories/jadoo-tab-sports-8gb.html)

Be the first to review this product (http://www.zeesports.biz/review/product/list/id/235/category/73/#review-form)

$279.99

Availability: In stock

Excl. Tax: **$179.99**

Qty: 1      🛒 **BUY**      ♡       

(http://www.zeesports.biz/index.php/sendfriend/product/send/id/235/uid/72a/HR0cD (http://www.zeesports.biz/index.php/catalog/product/compare/add/product/235/uid/72d

(http://www.zeesports.biz/index.php/wishlist/index/add/product/235/)

## Quick Overview

Description: Attention Customers: The Latest Version Shava TV Plus comes with built in WiFi inst..

### PRODUCT DESCRIPTION

Attention Customers:
The Latest Version Shava TV Plus comes with built in WiFi instead of external USB WiFi.

Shava TV HD Max IPTV allows you to Watch FREE South Asian and Middle Eastern channels on your Television while the ShavaTV device wireless connects to your internet router. Shava requires minimum 2MB internet speed. Shava TV HD Max receiver supports1080p High Definition. As technology is fast changing and when channels go HD  this box can handle  better picture resolution for years to come. If your looking to watch Indian, Pakistani, Arabic, Pashto, Persian, Bangladeshi, African, Somalian, Turkish, Kurdish and English channels the ShavaTV media box is what your looking for.

ShavaTV = No Contracts = No Subscriptions = FREE Indian & Pakistani channels.

No Satellite Dish Required! All you need is High Speed Internet. Takes minutes to setup, very easy to use.

Press and Play - Just press the channel number  Only ShavaTV gives you the feel of real TV. Just directly go to your desired channel - no need of moving the cursor right or left all the time!

Make it a PVR - Now you can make ShavaTV box a PVR (Personal Video Recorder) to watch and record live shows. You need to add a SATA Hard Drive of 2-1/2" size, (purchase seperately) inside the ShavaTV Box, by opening the bottom cover.

Quality that stands out - better processing engine gives you better quality. You can Watch up to 1080P HD Picture and Listen to the Audio in True HD Dolby Sound

Bigger is better - bigger box that can work for longer hours without getting hot. Bigger remote control with ease of handling and using.

Wired or Wireless connectivity. WorldWideSatellites recommends to wire your ShavaTV HD Max for best results however wireless is a good option if your within 100ft from your internet modem router. If you want better wireless performace with your Shava TV media box we highly recommend Ethernet Powerline Bridge which gives 30% more speed versus Wireless WiFi.

Easy to use Graphic User Interface that lets you flow from one option to another, with out any hassle.

Watch Movies or shows not only from Bollywood but also from Lollywood and other Regions.
Shava TV HD Max  IP TV Features:
- Youtube Videos
- Indian & Pakistani Movies/Drama's (Hollywood / Bollywood)
- Personal Media
- Live Shows & Events
- PVR Ready (install a hard-drive to start recording)
- Wireless (Included) or Wired Connection to internet
- No Monthly Fee's
- No Dish Required
- Plug N Play. Easy to use
- LED Screen letting you know what channel
- Better Picture Quality compared to older model
- Better Remote Control compared to older model

- Shava TV HD Max Media Box
- Shava Remote Control
- RCA Cable
- HDMI Cable
- Wireless N Adapter
- Power Adapter

## RELATED PRODUCTS

Check items to add to the cart or select all



(http://www.zeesports.biz/index.php/ca-plus-15000-english-willow-bat.html)

(http://www.zeesports.biz/index.php/new-balance-tc-limited-edition-cricket-bat.html)

(http://www.zeesports.bicricket-box-shorts-mens-

# EXHIBIT 12

FILED
CLERK, U.S. DISTRICT COURT

May 31, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ PMC _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHINA CENTRAL TELEVISION, a China company; CHINA INTERNATIONAL COMMUNICATIONS CO., LTD., a China company; TVB HOLDINGS (USA), INC., a California corporation; and DISH NETWORK L.L.C., a Colorado limited liability company,

Plaintiffs,

vs.

CREATE NEW TECHNOLOGY (HK) LIMITED, a Hong Kong company; HUA YANG INTERNATIONAL TECHNOLOGY LTD., a Hong Kong company; SHENZHEN GREATVISION NETWORK TECHNOLOGY CO. LTD., a China company; CLUB TVPAD, INC., a California corporation; BENNETT WONG, an individual; ASHA MEDIA GROUP INC. d/b/a TVPAD.COM, a Florida corporation; AMIT BHALLA, an individual; NEWTVPAD LTD CO. a/k/a TVPAD USA, a Texas corporation; LIANGZHONG ZHOU, an individual; HONGHUI CHEN d/b/a e-Digital, an individual; JOHN DOE 1 d/b/a BETV; JOHN DOE 2 d/b/a YUE HAI; JOHN DOE 3 d/b/a 516; JOHN DOE 4 d/b/a HITV; JOHN DOE 5 d/b/a GANG YUE; JOHN DOE 6 d/b/a SPORT ONLINE; JOHN DOE 7 d/b/a GANG TAI WU XIA; and JOHN DOES 8-10,

Defendants.

Case No.
**CV 15-1869 SVW (AJWx)**

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CREATE NEW TECHNOLOGY (HK) LIMITED AND HUA YANG INTERNATIONAL TECHNOLOGY LTD.**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

The Court has considered the Motion for Default Judgment and Permanent Injunction of Plaintiffs China Central Television ("CCTV"), China International Communications Co., Ltd. ("CICC"), TVB Holdings (USA), Inc. ("TVB (USA)"), and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs"), against Defendants Create New Technology (HK) Limited and Hua Yang International Technology Limited ("Defendants") and all documents in support thereof. Good cause appearing to enter the requested relief, IT IS HEREBY ORDERED that Plaintiffs' Motion is GRANTED, and Judgment shall be and hereby is entered against Defendants in this action as follows:

1. For purposes of this Default Judgment and Permanent Injunction, the following definitions shall apply:

   a. "Plaintiffs' Copyrighted Programming" shall mean each of those broadcast television programming works, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary, or affiliate of any of the Plaintiffs), owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, including without limitation all copyrighted programs identified in **Exhibit A** hereto;

   b. "TVpad Device" shall mean the television set-top devices marketed as TVpad3 and TVpad4, and any other set-top devices that offer for download or allow use of the Infringing TVpad Apps;

   c. "TVpad Store" shall mean any combination of software and/or services whereby users can select and download software applications onto the TVpad Device;

   d. "TVpad Apps" shall mean software applications and associated services that are designed for use on the TVpad Device and available for download through the TVpad Store;

1

**DAVIS WRIGHT TREMAINE** LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

e.  "Infringing TVpad Apps" shall mean any TVpad App or similar application whereby Plaintiffs' Copyrighted Programming is publicly performed without authorization by transmission to members of the public, including but not limited to the TVpad Apps identified in **Exhibit B** hereto;

f.  "TVpad Service" shall mean transmission of Plaintiffs Copyrighted Programming through the TVpad Device and the Infringing TVpad Apps;

g.  "Comparable System" shall mean any device, data transmission service or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, using any peer to peer or internet based transmission, file sharing or content delivery technology;

h.  "TVpad Websites" shall mean the websites located at the domain names itvpad.com, mtvpad.com and tvpadfans.com and any other websites maintained by Defendants or pursuant to their direction, that distribute, sell, advertise or promote any TVpad Device, the TVpad Service, or any Comparable System, or are otherwise utilized in furtherance of any of the activities enjoined in Paragraphs 9, 10 and 13 hereinbelow;

i.  "CCTV Marks" shall mean the word marks "CCTV" and "CCTV AMERICA" and the stylized CCTV logo, and the design mark "CCTV AMERICA" registered with the U.S. Patent and Trademark Office, Application Serial No. 86239098;

j.  "TVB Marks" shall mean (a) the word mark JADE (U.S. Serial No. 76406416); (b) the JADE logo (U.S. Serial No. 76445114 and U.S. Application Serial No. 86171201); (c) the word mark TVB (U.S. Application Serial No. 86171162); and the Chinese-language word mark for THE JADE CHANNEL (U.S. Serial No. 76407746); and

k.  "Plaintiffs' Marks" shall mean the CCTV Marks and TVB Marks.

2

**DAVIS WRIGHT TREMAINE** LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2. This Court has personal jurisdiction over Defendants and jurisdiction over the subject matter at issue pursuant to 28 U.S. C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. § 1121(a). This Court has continuing jurisdiction to enforce the terms and provisions of this Default Judgment and Permanent Injunction.

3. Plaintiffs' copyrights in Plaintiffs' Copyrighted Programming are valid and enforceable.

4. Plaintiffs' Marks are valid and enforceable.

5. Defendants have committed and continue to commit the following acts:

a. transmitting video of Plaintiffs' Copyrighted Programming into the United States without authorization through the TVpad Device and Infringing TVpad Apps;

b. retransmitting Plaintiffs' Copyrighted Programming to TVpad users, capturing television programs and converting them to Internet-friendly formats, streaming such content using peer-to-peer technology, directly streaming content to the United States, and making and storing copies of Plaintiffs' Copyrighted Programming for later playback at the request of TVpad users;

c. unlawfully publicly performing and/or authorizing others to publicly perform Plaintiffs' Copyrighted Programming;

d. unlawfully reproducing and distributing and/or authorizing others to reproduce and distribute Plaintiffs' Copyrighted Programming;

e. unlawfully publicly displaying and/or authorizing others to publicly display Plaintiffs' Copyrighted Programming in the United States;

f. marketing the availability of Plaintiffs' Copyrighted Programming through the TVpad Device and Infringing TVpad Apps;

g. manufacturing, distributing, maintaining and marketing the TVpad Service, the TVpad device and the TVpad Store, and Infringing TVpad Apps, all with the object of promoting their use to infringe Plaintiffs'

3

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Copyrighted Programming, thereby knowingly and intentionally inducing infringement of Plaintiffs' Copyrighted Programming and materially contributing to the continued infringement of Plaintiffs' Copyrighted Programming by third parties;

h.      continuing the acts detailed in ¶¶ 5(a)-(g) above after receiving cease and desist letters from Plaintiffs, after the commencement of this action and after and in violation of the Preliminary Injunction Order in this action [Dkt. No. 98]; and

i.      using Plaintiffs' Marks to advertise the TVpad Service and falsely representing that Plaintiffs have authorized the streaming of their television programming on the TVpad, creating consumer confusion regarding Plaintiffs' relationship, authorization, sponsorship and affiliation with Defendants' products and services.

6.      Defendants' acts constitute:

a.      direct infringement, contributory infringement and vicarious infringement of Plaintiffs' Copyrighted Programming in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*;

b.      federal trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a);

c.      common law trademark infringement and unfair competition; and

d.      violation of California Business and Professions Code § 17200 *et seq.*

7.      Defendants are ordered to pay damages to Plaintiffs in the amount of $326,360,691.

8.      Defendants are ordered to pay Plaintiffs' attorneys fees in the amount of $_____, and post-judgment interests, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

published by the Board of Governors of the Federal Reserve System, for the
calendar week preceding the date of the judgment."

9.      Defendants, and all of their parents, subsidiaries, affiliates, officers,
agents, servants and employees, and all those persons or entities acting in active
concert or participation with Defendants (including but not limited to parties that
procure or provide sales, distribution, shipping or logistics services, primary and
backup storage services, or web, server or file hosting services on behalf of
Defendants, including but not limited to those parties listed in **Exhibits C** and **D**)
and all persons and entities who receive actual notice of this Order (collectively, the
"Enjoined Parties") are immediately and permanently enjoined from engaging in any
of the following activities:

   a.      Distributing, selling, advertising, marketing or promoting any
TVpad Device;

   b.      Transmitting, retransmitting, assisting in the transmission of,
requesting transmission of, streaming, hosting or providing unauthorized
access to, or otherwise publicly performing, directly or indirectly, by means of
any device or process, Plaintiffs' Copyrighted Programming;

   c.      Authorizing, hosting, reproducing, downloading, selling or
otherwise distributing the Infringing TVpad Apps, including without
limitation offering them in the TVpad Store, loading them onto any TVpad
Device or any Comparable System, offering or providing them on Internet
websites, or providing the Infringing TVpad Apps to consumers on separate
media;

   d.      Creating or providing assistance to others who wish to create an
Infringing TVpad App;

   e.      Advertising, displaying, marketing or otherwise promoting any of
the Infringing TVpad Apps, including without limitation publicly displaying
any of the Plaintiffs' Copyrighted Programming in connection therewith or in

5
[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 28165737v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

connection with the TVpad Device or any Comparable System, including without limitation via the TVpad Websites;

f.      Distributing, selling, advertising, marketing or promoting any TVpad Device that contains, connects to, or offers for download any Infringing TVpad App, or promotes any Infringing TVpad App through the inclusion of icons for said Infringing TVpad App;

g.      Distributing, selling, advertising, marketing or promoting any TVpad Device that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any devise of process, Plaintiffs' Copyrighted Programming without permission;

h.      Distributing, selling, advertising, marketing or promoting any Comparable System that contains, connects to, offers for download, transmits, assists in the transmission of, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any devise of process, Plaintiffs' Copyrighted Programming without permission;

i.      Providing or controlling servers which contain any of Plaintiffs' Copyrighted Programming; and

j.      Assisting with end-user reproductions or transmissions of any of Plaintiffs' Copyrighted Programming through a tracker server, or any other server or software that assists users or devices in locating, identifying or obtaining reproductions or transmission of any of Plaintiffs' Copyrighted Programming, including from other users offering reproductions or transmissions of any of Plaintiffs' Copyrighted Programming;

k.      Otherwise infringing Plaintiffs' rights in their Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10.     The Enjoined Parties are further immediately and permanently enjoined from engaging in any activities having the object or effect of fostering infringement of Plaintiffs' Copyrighted Programming, whether through the Infringing TVpad Apps or otherwise, including without limitation engaging in any of the following activities:

a.     Advertising or promoting unauthorized access to or the availability of Plaintiffs' Copyrighted Programing;

b.     Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Programming;

c.     Encouraging or soliciting others to upload, post or index any files that constitute, correspond, point or lead to any of Plaintiffs' Copyrighted Programming;

d.     Encouraging or soliciting others to offer transmission of Plaintiffs' Copyrighted Programming;

e.     Providing technical assistance, support services or servers to others engaged in infringement of, or seeking to infringe, Plaintiffs' Copyrighted Programming;

f.     Creating, maintaining, highlighting or otherwise providing access to lists or forums that include, refer to or signal the availability of Plaintiffs' Copyrighted Programming;

g.     Including references to Plaintiffs' Copyrighted Programming or the Infringing TVpad Apps in promotional materials;  and

h.     Creating, maintaining or providing access to the Infringing TVpad Apps.

11.     The Enjoined Parties shall not enter into any agreement or transaction whatsoever to sell, lease, license, assign, convey, distribute, loan, encumber, pledge or otherwise transfer, whether or not for consideration or compensation, any part of the system, software, source code, data file, other technology, domain names,

7

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

trademarks, brands, or files used in connection with the TVpad Device, Infringing TVpad Apps or any Comparable System.

12.     Defendants shall identify to Plaintiffs all domain names and IP addresses and the physical locations of all servers owned, leased or operated by any of the Enjoined Parties that are used in connection with the activities enjoined under Paragraphs 9 and 10, above, within 7 days of the entry of this Permanent Injunction.

13.     Further, the Enjoined Parties are immediately and permanently enjoined from engaging in any of the following activities:

     a.     Using the CCTV or TVB Marks, or any other mark, design reproduction, copy or symbol that is a colorable imitation thereof, or confusing similar thereto, in connection with broadcasting or entertainment services, or related goods or services, not originating from or authorized by Plaintiffs;

     b.     Using the CCTV or TVB Marks, or any other mark, design reproduction, copy or symbol that is a colorable imitation thereof, in any manner likely to cause confusion, to cause mistake, or to deceive the consuming public;

     c.     Representing in any manner, or by any method whatsoever, that goods and services provided by the Enjoined Parties are licensed, sponsored, approved, authorized by, or originate from Plaintiffs or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship or license of such goods or services;

     d.     Committing any acts calculated or likely to cause consumers to believe that the Enjoined Parties' products and services are authorized by Plaintiffs;

     e.     Infringing or diluting, whether directly or indirectly, the distinctive quality of the CCTV Marks or the TVB Marks; and

     f.     Unfairly competing with Plaintiffs in any manner.

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

14.     As the Court has personal jurisdiction over Defendants and has concluded that the conduct of Defendants induces infringement of Plaintiffs' Copyrighted Programming in the United States under the copyright laws of the United States and infringes the CCTV Marks and TVB Marks under the trademark laws of the United States, this Permanent Injunction enjoins the conduct of Defendants wherever they may be found.

15.     Third parties who provide sales, distribution, shipping or logistics services for the TVpad Device, including but not limited to the third party distributors identified in **Exhibit D** hereto, and who receive actual notice of this Order, are immediately and permanently enjoined from distributing, selling, advertising, marketing or promoting any TVpad Device and from providing any other services enjoined in Paragraphs 9, 10 and 13 hereinabove.

16.     Third parties providing web, server and file hosting services, data center and colocation services, and primary and backup storage services (including but not limited to cloud storage services) used in connection with the activities enjoined under Paragraphs 9, 10 and 13 hereinabove, including but not limited to the third parties providing hosting services for the Internet servers identified in **Exhibit C** hereto (including but not limited to servers providing  streaming video, application files, TVpad Store functionality, and TVpad Device initialization, operation and authentication) and who receive actual notice of this Order, are immediately and permanently enjoined from providing such hosting services to (i) any Enjoined Parties in connection with the activities enjoined under Paragraphs 9, 10 and 13 hereinabove; (ii) any server, IP address, domain name or website used in conjunction with the TVpad Device, Infringing TVpad Apps or any Comparable System; and (iii) the TVpad Websites.

17.     Third parties providing services used in connection with the activities enjoined under Paragraphs 9, 10 and 13  hereinabove, including but not limited to back-end service providers, service providers routing traffic or providing bandwidth,

9

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 28165737v1 0094038-000021

**DAVIS WRIGHT TREMAINE LLP**
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

content delivery networks and domain name server systems (including but not limited to CloudFlare and DNSPod), search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), domain name registration privacy protection services, providers of social media services (including but not limited to Facebook and Twitter), user generated and online content services (including but not limited to YouTube) and data security services (including but not limited to denial-of-service attack prevention, firewall and proxy services), who receive actual notice of this Order are permanently enjoined from providing such services to: (i) any Enjoined Parties in connection with the activities enjoined under Paragraphs 9, 10 and 13 hereinabove; (ii) any server, IP address, domain name or website used in conjunction with the TVpad Device, Infringing TVpad Apps or any Comparable System; and (iii) the TVpad Websites.

18.    The domain name registries (including but not limited to VeriSign, Inc.) and/or registrars holding or listing the domain names itvpad.com, mtvpad.com or tvpadfans.com or one or more of the domain names used in connection with the activities enjoined under Paragraphs 9, 10 and 13 hereinabove (including but not limited to the domain names identified in **Exhibit C** hereto), and who receive actual notice of this Order, shall (1) temporarily disable these domain names, or any subset of these domain names specified by Plaintiffs, through a registry hold or otherwise, and make them inactive and non-transferable; and (2) at the direction of Plaintiffs, transfer these domain names to Plaintiffs' ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Plaintiffs' choosing.

19.    Service by mail upon Defendants of a copy of this Default Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendants under Federal Rule of Civil Procedure 65.  It shall not be necessary for Defendants to sign any form of acknowledgement of service.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

20.     This Permanent Injunction shall bind the Enjoined Parties.  Defendants shall provide a copy of this Permanent Injunction to their officers, agents, servants, employees, attorneys, principals, shareholders, members, current and future administrators or moderators of the any online forums associated with Defendants, the TVpad Device, the TVpad Apps, or Comparable System.

21.     Violation of this Permanent Injunction shall expose Defendants and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

22.     Within 14 days of the date the Court enters this Permanent Injunction, Defendants shall file and serve a report in writing and under oath setting forth in detail the manner and form with which Defendants have complied with the Permanent Injunction.

23.     The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court direct immediate entry of this Default Judgment and Permanent Injunction.

24.     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

IT IS SO ORDERED.

_____May 31_____, 2016

_____
Hon. Stephen V. Wilson
Judge of the United States District Court

[Proposed] Order Granting Default Judgment and Permanent Injunction
DWT 28165737v1 0094038-000021

DAVIS WRIGHT TREMAINE LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMES CONTENT LIMITED,<br>　　Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. H-17-1287 |
| DOE 1 d/b/a smartcric.com, DOE 2 d/b/a<br>crickethdlive.com, and DOES 3-10,<br>　　Defendants. | § § § | |

## ORDER OF PRELIMINARY INJUNCTION

This matter came before the Court on Plaintiff Times Content Limited's ("TCL") Motion for Temporary Restraining Order and to Show Cause why a Preliminary Injunction Should Not Issue (Document No. 4), and hearing on Preliminary Injunction as ordered by the Court on April 28, 2017 (Document No. 7). All affected parties have received reasonable notice of this motion and today's hearing. The Court has considered the papers submitted by TCL, conducted the preliminary injunction hearing on this day (the "Hearing"), and, based on a preponderance of the evidence, GRANTS TCL this preliminary injunction.

The Court finds that TCL has satisfied the requirements for a preliminary injunction. TCL demonstrated that it is likely to succeed on the merits of its claims. TCL established that it owns the exclusive rights to, among other things, distribute and publicly perform the coverage of the 2017 Indian Premier League ("2017 IPL") within the United States by means including Internet, Over-The-Top ("OTT"), Internet protocol television ("IPTV"), satellite, cable, and mobile devices. TCL properly served Defendants with Advance Notices of Potential Infringement required by 17 U.S.C. § 411(c) and 37 C.F.R. § 201.22 and sent Defendants at least nine notices of infringement between April 7, 2017 and April 25, 2017. TCL also served Defendants with a copy of its complaint and this motion on April 26, 2017, and notice of the Hearing and complaint on April 28, 2017. To date, TCL has not received any response to its notices or cease and desist letters and

Defendants continue to infringe TCL's exclusive rights in the 2017 IPL. Defendants have taken efforts to evade the entry of an injunction by the Court, including redirecting www.smartcric.com www.smartcric.eu and redirecting www.crickethdlive.com to www.crickethdlive.pw (collectively, the "Websites") and utilizing additional foreign service providers.

TCL presented compelling evidence that Defendants have displayed, distributed, and publicly performed and intend to continue displaying, distributing and publicly performing the 2017 IPL through the Websites. TCL provided screenshots in which Defendants represent that they intend to provide unauthorized online streams of the live 2017 IPL as it is initially transmitted. TCL also presented evidence that Defendants have displayed, distributed, and publicly performed prior 2017 IPL matches. Defendants have not responded to TCL's Advance Notices of Potential Infringement, cease and desist letters, or notices concerning the filing of its complaint, this motion, or the Hearing. If Defendants continue with their anticipated unauthorized streams of the 2017 IPL, they would violate exclusive rights owned by TCL, including without limitation the exclusive right to distribute and/or publicly perform.

TCL presented evidence that Defendants rely on various third party service providers to keep the Websites online. These service providers include but are not limited to VeriSign, Inc., Cloudflare, Inc., Enom, Inc., Internet Domain Service BS Corp., Mikro VPS Kft., Contabo GmbH, Whoisguard, Inc., WhoisPrivacy Corp., VZW European Registry For Internet Domains ("EURid"), PW Registry Corporation, Tucows Inc., TLD Registrar Solutions Ltd., and IceNetworks Ltd. (d/b/a OrangeWebsite.com). TCL served copies of the complaint and notice of the Hearing on each of the foregoing service providers.

TCL established that it will suffer irreparable harm in the absence of immediate relief. Among other things, Defendants' continued infringement will strip TCL of the critical rights of first

distribution and public performance of valuable live sporting events, interfere with TCL's relationships with third parties, likely damage TCL's goodwill among consumers, and deprive TCL of revenue that will be difficult or impossible to calculate, but is likely in excess of any amount that Defendants could repay to TCL in damages even if the amount could be calculated.

The balance of equities also tips sharply in TCL's favor. The Court is not aware of any legitimate interest of Defendants that would be damaged by TCL's requested injunction.

An injunction is also in the public interest because it will effectuate the policy and purpose of the Copyright Act to protect intellectual property rights and to incentivize the creation of copyrightable works.

The Court finds that no bond is required in this case because there is no realistic likelihood that Defendants will be harmed by TCL's requested injunction.

The Court also finds that *ex parte* relief is appropriate in this case because TCL has acted expeditiously and has established that it will suffer irreparable harm if its motion is heard on the normal motion calendar. TCL also gave Defendants notice of its complaint, its motion, and the Hearing, giving them an opportunity to be heard.

Accordingly, the Court, pursuant to 17 U.S.C. §§ 502 and 512(j) and the Court's equitable powers, hereby ORDERS as follows:

1.      Each and every one of the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns and all those acting in active concert or participation with any of them, including any and all service providers who receive notice of this order, are enjoined from:

      a.      hosting, displaying, linking to, distributing, reproducing, publicly performing, selling, offering for sale, making available for download, streaming or making any other use of the 2017 IPL or any portion thereof in the United States;

      b.      taking any action that induces, causes or materially contributes to the direct infringement of TCL's  rights in the 2017 IPL by any third party, including without limitation hosting, displaying, linking to, distributing, reproducing, publicly performing, selling, offering for sale, making available for download, streaming or making any other use of the 2017 IPL or any portion thereof in the United States; and

      c.      otherwise infringing TCL's copyright in the 2017 IPL in any manner, whether directly, contributorily, vicariously or in any other way.

2.      Without limiting Paragraph 1 in any way, it is further ordered that upon receipt of this order, all service providers whose services will enable or facilitate Defendants' anticipated infringement are ordered to suspend all services with respect to www.smartcric.com, www.smartcric.eu, www.crickethdlive.com, and www.crickethdlive.pw, or any other website or domain that is redirected from the Websites and continues to distribute and publicly perform the 2017 IPL. This includes VeriSign, Inc., Cloudflare, Inc., Enom, Inc., Internet Domain Service BS Corp., Mikro VPS Kft., Contabo GmbH, Whoisguard, Inc., WhoisPrivacy Corp., VZW European Registry For Internet Domains ("EURid"), PW Registry Corporation, Tucows Inc., TLD Registrar Solutions Ltd., and IceNetworks Ltd. (d/b/a OrangeWebsite.com), as well as all other registries, registrars, hosts, privacy protection, name servers, entities used to advertise on or monetize the Websites, and also includes all providers who enable video delivery services to and from Defendants' Websites including all site acceleration providers, providers of video delivery resources, and providers of computer and network resources

4

through which video transits.  Services may be restored to the Websites no earlier than 6:00 a.m.
CDT on May 22, 2017.  For the avoidance of doubt, the Court's intent is to ensure that Defendants'
Websites be rendered offline, inaccessible and incapable of receiving or displaying audio or video
signals between the date of this order and 6:00 a.m. CDT on May 22, 2017.

       3.     It is further ordered that the registries and registrars holding or listing the domain
names smartcric.com, smartcric.eu, crickethdlive.com, and crickethdlive.pw (collectively
"Domains"), or any other domain that is redirected from the Domains and continues to distribute
and publicly perform the 2017 IPL, including but not limited to VeriSign, Inc., Enom, Inc.,
Internet Domain Service BS Corp., VZW European Registry For Internet Domains ("EURid"),
PW Registry Corporation, Tucows Inc., and TLD Registrar Solutions Ltd., upon receiving actual
notice of this order, shall immediately change the registrar of record for the domains to a holding
account with GoDaddy.com, Inc., or any other registrar pursuant to agreement with TCL, provided
by TCL at TCL's expense.  Upon such transfer of the domains into a holding account,
GoDaddy.com, Inc. or other designated registrar will hold the domains in trust for the court during
the pendency of this action.  After GoDaddy.com, Inc. or other designated registrar has effected
this change, the registries and registrars who receive notice of this order, are ordered to keep the
domains frozen and placed on lock status to prevent the domains from being modified, sold,
transferred to another owner, or deleted until further order of this Court. This process shall
effectively seize and impound the domains so their content is no longer accessible on the Internet
until 6:00 a.m. CDT on May 22, 2017.

       4.     It is further ordered that Defendants and their agents, servants, employees, officers,
attorneys, successors, licensees, partners, and assigns and all those acting in active concert or
participation with any of them are enjoined from effecting assignments or transfers, forming new

entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

5.     TCL is not required to post any bond prior to the issuance of this temporary restraining order.

6.     TCL shall include a copy of this order in any correspondence it sends to any person or entity it believes is acting in active concert or participation with any of Defendants, including without limitation VeriSign, Inc., Cloudflare, Inc., Enom, Inc., Internet Domain Service BS Corp., Mikro VPS Kft., Contabo GmbH, Whoisguard, Inc., WhoisPrivacy Corp., VZW European Registry For Internet Domains ("EURid"), PW Registry Corporation, Tucows Inc., TLD Registrar Solutions Ltd., and OrangeWebsite.com, and any other person or entity who provides services with respect to the Websites or Domains, or any other website or domain that is redirected from the Websites or Domains and continues to distribute and publicly perform the 2017 IPL

7.     TCL may apply to this Court for modifications of this Preliminary Injunction as appropriate.

IT IS SO ORDERED.

Entered this 5 TH day of May, 2017 at 2:30 PM. CDT.

Ewing Werlein, Jr.
United States District Judge

6

# EXHIBIT 14

KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. McFARLAND (State Bar No. 129668)
lmcfarland@ kilpatricktownsend.com
DENNIS L. WILSON (State Bar No. 155407)
DWilson@kilpatricktownsend.com
DAVID K. CAPLAN (State Bar No. 181174)
dcaplan@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
CVaras@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363


Attorneys for Plaintiffs
SHOWTIME NETWORKS INC.,
HOME BOX OFFICE, INC.,
MAYWEATHER PROMOTIONS, LLC, and
TOP RANK, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SHOWTIME NETWORKS INC., HOME BOX OFFICE, INC., MAYWEATHER PROMOTIONS, LLC, and TOP RANK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE 1 d/b/a boxinghd.net, JOHN DOE 2 d/b/a sportship.org and d/b/a "Carlo Magno", and JOHN DOES 3-10 inclusive, <br><br> Defendants. | Case No. 2:15-CV-03147-GW-MRW <br><br> **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

1    This matter came before the Court on the *ex parte* application for a Temporary

2    Restraining Order and to Show Cause why a Preliminary Injunction Should not Issue,

3    filed by plaintiffs Showtime Networks, Inc., Home Box Office, Inc., Mayweather

4    Promotions, LLC and Top Rank, Inc. (collectively "Plaintiffs". The Court has

5    considered the papers submitted by Plaintiffs and, finding good cause, hereby

6    GRANTS Plaintiffs' application.

7    The Court finds that Plaintiffs have satisfied the requirements for a temporary

8    restraining order and an order to show cause why a preliminary injunction should not

9    issue. Plaintiffs have established that they are likely to succeed on the merits of their

10   claims. Plaintiffs have established that that they jointly own the exclusive rights to,

11   among other things, reproduce and transmit the coverage of the May 2, 2015 fight

12   between Manny Pacquiao and Floyd Mayweather, including the two undercard bouts

13   (the "Coverage") within the United States and elsewhere. Plaintiffs properly served

14   Defendants with the Advance Notice of Potential Infringement required by 17 U.S.C.

15   § 411(c) and 37 C.F.R. § 201.22 more than forty-eight hours before the May 2, 2015

16   fight and intend to register the copyright in the Coverage, as joint authors, within

17   three months after May 2, 2015. The Coverage will be protected under the Copyright

18   Act as it is fixed in a tangible medium of expression simultaneously with its initial

19   transmission.

20   Plaintiffs have presented compelling evidence that Defendants intend to

21   provide an unauthorized stream of the Coverage through the websites <boxinghd.net>

22   and <sportship.org> (the "Infringing Websites"). Plaintiffs have presented screen

23   shots in which Defendants represent that they intend to provide an unauthorized

24   online stream of the live Coverage as it its initially transmitted. Plaintiffs have also

25   presented evidence that Defendants have offered unauthorized online streams of prior

26   boxing matches. Defendants have not responded to Plaintiffs' Advance Notice of

27   Potential Infringement. If Defendants were to proceed with their anticipated

28   unauthorized stream of the Coverage, they would violate exclusive rights owned by

1   Plaintiffs under the Copyright Act, including without limitation the exclusive rights

2   of reproduction and public performance.

3   Plaintiffs have presented evidence that Defendants rely on various third party

4   service providers to keep the Infringing Websites online.  These service providers

5   include but are not limited to Namecheap.com, Inc., Enom, Inc. and Hostwinds, LLC.

6   Plaintiffs have established that they will suffer irreparable harm in the absence

7   of immediate relief.  Among other things, Defendants' threatened infringement would

8   strip Plaintiffs of the critical right of first transmission and publication of an

9   extremely valuable live sporting event, would interfere with Plaintiffs' relationships

10  with third parties, is likely to damage Plaintiffs' goodwill among consumers, and will

11  deprive Plaintiffs of revenue that will be difficult or impossible to calculate, but is

12  likely far in excess of any amount that Defendants could repay to Plaintiffs in

13  damages even if the amount could be calculated.

14  The balance of equities also tips sharply in Plaintiffs' favor.  The Court is not

15  aware of any legitimate interest of Defendants that would be damaged by Plaintiffs'

16  requested injunction.

17  An injunction is also in the public interest because it will effectuate the policy

18  and purpose of the Copyright Act to protect intellectual property rights and to

19  incentivize the creation of copyrightable works.

20  The Court finds that no bond is required in this case because there is no

21  realistic likelihood that Defendants will be harmed by Plaintiffs' requested injunction.

22  The Court also finds that *ex parte* relief is appropriate in this case because

23  Plaintiffs have acted expeditiously and have established that they will suffer

24  irreparable harm if their application is heard on the normal motion calendar.

25  Plaintiffs also gave Defendants notice of this application, giving them an opportunity

26  to be heard.

27  Accordingly, the Court, pursuant to 17 U.S.C. §§ 502 and 512(j) and the

28  Court's equitable powers, hereby ORDERS as follows:

1.    Each and every one of the Defendants and their agents, servants,
employees, officers, attorneys, successors, licensees, partners, and assigns and all
those acting in active concert or participation with any of them, including any and all
service providers who receive notice of this Order, are temporarily restrained and
enjoined from:

    a.  hosting, linking to, distributing, reproducing, performing, selling,
offering for sale, making available for download, streaming or making
any other use of the Coverage or any portion thereof;

    b.  taking any action that induces, causes or materially contributes to the
direct infringement of Plaintiffs' rights in the Coverage by any third
party, including without limitation hosting, linking to, distributing,
reproducing, performing, selling, offering for sale, making available for
download, streaming or making any other use of the Coverage or any
portion thereof;

    c.  otherwise infringing Plaintiffs' copyright in the Coverage in any manner,
whether directly, contributorily, vicariously or in any other way; and

    d.  transferring or performing any function that results in the transfer of the
registration of the domain names <boxinghd.net> or <sportship.org> to
any other registrant or registrar.

2.    Without limiting Paragraph 1 above in any way, it is further ordered that
upon receipt of this Order and beginning no later than 8:45 p.m. Eastern Time on
May 2, 2015, all service providers whose services will enable or facilitate
Defendants' anticipated infringement are ordered to suspend all services with respect
to Defendants' Infringing Websites.  This includes Namecheap.com, Inc., Enom, Inc.,
Hostwinds, LLC. as well as all other hosts, registrars and name servers, and also
includes all providers who enable video delivery services to and from Defendants'
infringing websites including all site acceleration providers, providers of video
delivery resources, and providers of computer and network resources through which

1  video transits.  Services may be restored to the Infringing Websites no earlier than

2  6:00 a.m. Eastern Time on May 3, 2015.  For the avoidance of doubt, the Court's

3  intent is to ensure that Defendants' Infringing Websites be rendered offline,

4  inaccessible and incapable of receiving or displaying audio or video signals between

5  8:45 p.m. Eastern Time on May 2, 2015 and 6:00 a.m. Eastern Time on May 3, 2015.

6       3.     It is further ordered that Defendants and each of them, including without

7  limitation their agents, servants, employees, officers, attorneys, successors, licensees,

8  partners, and assigns and all those acting in active concert or participation with any of

9  them are temporarily restrained and enjoined from effecting assignments or transfers,

10  forming new entities or associations or utilizing any other device for the purpose of

11  circumventing or otherwise avoiding the prohibitions set forth herein.

12       4.     This temporary restraining order is issued and effective as of 4:00 p.m.

13  Pacific Time on April 30, 2015 and will expire at 12:00 p.m. Pacific Time on May 7,

14  2015.

15       5.     Plaintiffs are not required to post any bond prior to the issuance of this

16  temporary restraining order.

17       6.     Defendants and each of them must show cause why the terms of this

18  Temporary Restraining Order set forth in Paragraphs 1 through 3 above should not be

19  entered as a preliminary injunction.  For purposes of this Order to Show Cause the

20  Court construes Plaintiffs' application as a motion for entry of a preliminary

21  injunction, and hereby sets a hearing on Plaintiffs' motion on May 7, 2015 at 9:00

22  a.m. Pacific Time.  Any opposition to Plaintiffs' motion must be filed and served on

23  all parties no later than 12:00 p.m. Pacific Time on May 4, 2015.  Plaintiffs shall file

24  their reply to any opposition no later than 5:00 p.m. Pacific Time on May 5, 2015.

25       7.     No later than 12:00 p.m. Pacific Time on May 1, 2015, Plaintiffs shall

26  give each of the Defendants notice of this Order by electronic mail and overnight

27  delivery to the same addresses Plaintiffs used to serve the Advance Notice of

28  Potential Infringement.  Plaintiffs' obligations under this Paragraph 7 shall be

TEMPORARY RESTRAINING ORDER                       - 5 -
CASE NO. 2:15-CV-03147

1   satisfied once the email notices have been sent and the hard copy notices have been

2   delivered to an overnight courier.  Plaintiffs have no obligation to further confirm that

3   the notice was successfully delivered or to re-send any notice that is returned as

4   undeliverable for any reason.  Plaintiffs shall file a declaration attesting to their

5   compliance with this Paragraph 7 no later than 5:00 p.m. on May 1, 2015.

6          8.     Plaintiffs shall include a copy of this Order in any correspondence they

7   send to any person or entity they believe is acting in active concert or participation

8   with any of Defendants, including without limitation Namecheap.com, Inc., Enom,

9   Inc., Hostwinds, LLC and any other person or entity who provides services with

10  respect to <boxinghd.net> and/or <sportship.org>.

11         9.     Plaintiffs may apply to this Court for modifications of this Temporary

12  Restraining Order as appropriate.

13         IT IS SO ORDERED

14

15  Entered this 30th day of April, 2015

16

17                                          _George H. Wu_____

18                                          Hon. George H. Wu

19                                          United States District Judge

20

21

22

23

24

25

26

27

28

# EXHIBIT 15

United States District Court
Southern District of Texas
**ENTERED**
March 20, 2017
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

DISH NETWORK L.L.C.,

    Plaintiff,

    v.

LOOL TECH CO., LIMITED, and
SHENZHEN BILINREN
TECHNOLOGY CO., LTD., d/b/a
SHENZHEN LOOL TECH CO., LTD.,

    Defendants.

Civil Action No. 4:16-cv-1771

### Final Judgment and Permanent Injunction

This matter came before the Court on the Combined Motion for Entry of Default and Default Judgment filed by Plaintiff DISH Network L.L.C. ("Plaintiff") against Defendants Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. (together, "Defendants").

Having considered the submissions in support of Plaintiff's Motion, and the pleadings on file, the Court **GRANTS** the Motion, enters default, and finds:

Plaintiff owns copyrights in the works that air on its channels which include Al Jazeera Arabic News, MBC1, MBC Drama, MBC Kids / MBC3, and MBC Masr (collectively, the "DISH Channels").

Defendants, without authorization from Plaintiff, retransmitted the DISH Channels and the copyrighted works that air on those channels to users of their Loolbox service. In doing so, Defendants directly infringed Plaintiff's exclusive rights to distribute and publicly perform the works that air on the DISH Channels. Judgment is hereby directed to be entered against Defendants on Count I of Plaintiff's complaint for direct copyright infringement.

Defendants also provide Loolbox set-top boxes, and a channel sharing feature of the Loolbox service, which creates the network whereby Defendants' users retransmit to other users, without authorization, the DISH Channels and copyrighted works airing on those DISH Channels. Defendants promote Loolbox as an unauthorized network for the distribution and public performance of the DISH Channels. Defendants have actual knowledge that specific users of their Loolbox set-top boxes and service are retransmitting the DISH Channels without authorization, and encourage that activity rather than taking simple measures to prevent the infringement. Therefore, judgment is entered against Defendants on Count II of Plaintiff's complaint for inducing and otherwise materially contributing to copyright infringement by users of their Loolbox service.

Defendants have the right and ability to control their users' unauthorized retransmission of the DISH Channels and the copyrighted works that air on those channels, as shown by their practical, operational control over all aspects of the Loolbox service and the servers supporting that service. Defendants receive direct financial benefits from their users' unauthorized retransmission of the DISH Channels because the availability of this content attracts users to their Loolbox service, resulting in Defendants' sale of the Loolbox set-top boxes and accessories. Judgment shall be entered against Defendants on Count III of Plaintiffs' complaint for vicarious copyright infringement.

Based on these findings, the Court hereby **ORDERS** that:

1.    Plaintiff DISH Network L.L.C. shall have judgment against Defendants, jointly and severally, in the total amount of $1,050,000, with interest on

this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a). The amount consisting of $150,000 for each of its seven registered, copyrighted works that Defendants willfully infringed by retransmitting these copyrighted works without authorization on their Loolbox service;

2.  Defendants and any of their officers, agents, servants, employees, attorneys, or other persons, including dealers, acting in active concert or participation with any of the foregoing that receives actual notice of the order, are permanently enjoined from:

a.  copying by means of any device or process the DISH Channels or any of the programming that comprises the DISH Channels;

b.  retransmitting, streaming, distributing, or publicly performing in the United States, by means of the Loolbox service, or any other device or process, the DISH Channels or the programming that comprises the DISH Channels;

c.  distributing, providing, or promoting any product or service, including the Loolbox set-top box and the Live TV section of the Loolbox service, that comprises the whole or part of a network or service for the distribution and public performance of the DISH Channels or the programming that comprises the DISH Channels;

d.  advertising, displaying, or marketing the Loolbox service or set-top boxes in connection with the DISH Channels or the programming that comprises the DISH Channels; and

e.  otherwise infringing Plaintiff's rights in the DISH Channels, either directly, contributorily, vicariously, or in any other manner.

3

3.    Third parties providing any form of electronic storage, computer server, website hosting, file hosting, domain hosting, domain name registration, content delivery or acceleration, or social media services used in connection with any of the activities enjoined under Paragraph 2, and who receive actual notice of this Order, are enjoined from providing services in connection with any of the activities enjoined under Paragraph 2.

4.    The registries and registrars holding or listing the domain names loolbox.net and loolbox.com, upon receiving actual notice of this Order, shall (i) temporarily disable the domain names through a registry hold or otherwise, and make them inactive and non-transferable; and (ii) transfer these domain names to Plaintiff, including changing the registrar of record to the registrar selected by Plaintiff.

5.    The third parties holding or listing the subdomain loolbox.en.alibaba.com and associated accounts, upon receiving actual notice of this Order, shall terminate the subdomain and associated accounts.

6.    Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including contempt of Court.

7.    The Court shall retain jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

It is so ORDERED.

SIGNED on this **17** day of ___**March**___, 2017.

David Hittner
United States District Judge

4

# EXHIBIT 16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., | § |
| Plaintiff, | § Civil Action No. 4:16-cv-1771 |
| v. | § |
| LOOL TECH CO., LIMITED, and SHENZHEN BILINREN TECHNOLOGY CO., LTD., d/b/a SHENZHEN LOOL TECH CO., LTD., | § |
| Defendants. | § |

## Order Granting DISH Network L.L.C.'s Motion for Contempt

Having considered the motion for contempt filed by DISH Network L.L.C. ("DISH"), and good cause appearing, the Court **GRANTS** the motion and **ORDERS** that Lool Tech Co., Limited and Shenzhen Bilinren Technology Co., Ltd., d/b/a Shenzhen Lool Tech Co., Ltd. (together, "Defendants") are in contempt of this Court.

The Court entered a Final Judgment and Permanent Injunction on March 17, 2017 (Dkt. 25), enjoining Defendants from retransmitting the Al Jazeera Arabic News, MBC1, MBC Drama, MBC Kids / MBC3, and MBC Masr channels (the "DISH Channels"), among other related activities. Third parties who received actual notice of the Final Judgment and Permanent Injunction were also enjoined from providing services in connection with the enjoined activities.

The Judgment was served on Defendants on March 24, 2017. DISH also served the Judgment on twelve third parties who were hosting servers that were facilitating Defendants' enjoined activities and requested that they take the servers offline and cease providing services to Defendants. Although the third parties

receiving notice of the permanent injunction have largely complied, Defendants have circumvented DISH's enforcement efforts by changing to other service providers and using new IP addresses and servers to continue retransmitting the DISH Channels.  Four of the foreign service providers have not taken Defendants' servers offline or terminated their customer's services, resulting in DISH seeking additional relief from the Court to cease Defendants' retransmission of the DISH Channels.

Defendants are also using several Internet domains including androidosiptv.com, freetvarab.com, and zi5xian.com for the operation and update of their Loolbox service.  DISH's experts analyzed Defendants' Loolbox set-top box and service and concluded that disabling and transferring these domains to DISH should at least temporarily prevent Defendants' from distributing the DISH Channels in violation of the Judgment.

Defendants are continuing to retransmit the DISH Channels and the copyrighted works that air on those channels to users of their Loolbox service.

Based on these findings, the Court hereby **ORDERS** that:

1.      Defendants and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with Defendants shall immediately comply with the Final Judgment and Permanent Injunction entered March 17, 2017, and cease retransmitting the DISH Channels.

2.      VeriSign, Inc. and any relevant registries and registrars, upon receiving actual notice of this Order, shall disable and transfer to DISH the androidosiptv.com, freetvarab.com, and zi5xian.com domains, and all other domains used by Defendants

2

in the course of retransmitting the DISH Channels.  The transfer of the domains shall include changing the registrar of record to the registrar selected by DISH at DISH's reasonable expense.

3.      Violation of this Order shall subject Defendants and all other persons bound by this Order to all applicable penalties, including further contempt sanctions.

It is so ORDERED.

SIGNED on this 21 day of _August_, 2017.

_David Hittner_
David Hittner
United States District Judge

3

# EXHIBIT 17



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE NORTH FACE APPAREL CORP., a
Delaware Corporation; and PRL USA
HOLDINGS, INC., a Delaware Corporation,
                      Plaintiffs

        v.

FUJIAN SHARING IMPORT & EXPORT
LTD. CO. d/b/a B2BSHARING.COM;
DONGPING LIU a/k/a DONG PING LIU;
YUAN CHEN; ANDY HUANG; MIN CHEN;
CAI XIAN SHENG; MICHAEL LIN; LIMING
WANG a/k/a JUNZHENG JIA; FANG
CHENG; WEIXIAN LIN; ZHOU CHANG; PP
JINBO; JERRY URBEN; HUNAG YANXIA;
WANG ZHAO HUI; CHENGYUAN ZHAO;
ZHAO HUI; ZHANG XUE PING;
QINGXIONG SU; CAI XIANGJIAO;
ZHUANG TING TING; XU DAN; INFEI YE;
ZOU JIA QI; LIU ZHAO DI; CHENG XIAO
RONG; XIE ZHAO XI; HUANG DENIG
QIANG; JIE ZHAO; LIN XIA MEI; WENG
FENG ZHU; JIA DE BAO; QIAO YAN PING;
XI QIANG; TAO ZHU; LIN JIAN PING; CAI
ZHONG YING a/k/a NANCY LIN; WANG
XUEMIN; JUNMIN JIA; LIU SU JUN;
FANMING WU; HUANG ZHI BING;
CONGLONG LIN; LIU LIN FIANG; GUO
XUE LIANG; MING FENQ GU; ZHENG YU
TANG; CHEN WEIGUI; YU JIA LONG; LU
XIAO YANG; LIU QIAO LING; CHEN JIAN
SHENG; CAO CHUN LIN; CHEN JIAN;
JIANG LONG SHENG; MA SHI LEI; JUNJIE
JIA; HUANG JIAN XIONG; CHENG XIAN
WEI; WANG ZHEN YONG; JIAN CHEN LIN;
QIU LI SHAN; XIAN TING; WANSHAN LIN;
CHEN QING CHONG; HUANG JIAN RUI;
ZHIYAN LI; RUI YANG; YOU ZONG
YANG; MI GUI YING; LU XIN LUAN;
CHEN JIANFANG; RUI ZHANG IXIE;
ZHIANG SHU; LIN YI CHUN; LI ZHAN; LU
MINGZHI; WU ZHIYONG; WANG YUN
MINGZHI; TIAN ZHENHUA; GUO ZHI BIN;

**CIVIL ACTION NO. 10-CIV-1630
(AKH)**

**DEFAULT JUDGMENT AND
PERMANENT INJUNCTION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/10

MIAO CHUN LAN; WENG YI XIN; LIANG
XIAOYANG; YIN LI YING; FAN QIANG; LI
XUE FENG; GUAN WEI JIAN; SUN CUI
RONG; XIU MINGZHI; CAI YUN JING; YE
XIN ZHUO; CHEN SHUANG YING; CHEN
YA BO; SU YUAN LIAN; GUO SUQING;
LIN JUN QIN; WANG ZHI XIANG; XIE
CHAO; FAN KEYANG; CAI YA QUAN;
WENG YUAN DONG; CHEN SHUN JIN; XU
WEIQUN; ZHU TING MING; JOHN AND
JANE DOES; AND XYZ COMPANIES

Defendants.

This action having been commenced with an *Ex Parte* Temporary Restraining Order, Seizure

Order, Asset Restraining Order, Domain Name Transfer Order, Order to Show Cause for a

Preliminary Injunction signed March 2, 2010, followed by Plaintiffs' service of the Complaint

and Summons on Defendants on March 11, 2010, Preliminary Injunction signed March 16, 2010,

the filing of the Amended Complaint and Amended Summons on May 12, 2010, the Amended

Complaint and Amended Summons having been served on the Defendants FUJIAN SHARING

IMPORT & EXPORT LTD. CO. d/b/a B2BSHARING.COM, DONGPING LIU a/k/a DONG

PING LIU, YUAN CHEN, ANDY HUANG, MIN CHEN, CAI XIAN SHENG, MICHAEL

LIN, LIMING WANG a/k/a JUNZHENG JIA, FANG CHENG, WEIXIAN LIN, ZHOU

CHANG, PP JINBO, JERRY URBEN, HUNAG YANXIA, WANG ZHAO HUI,

CHENGYUAN ZHAO, ZHAO HUI, ZHANG XUE PING, QINGXIONG SU, CAI

XIANGJIAO, ZHUANG TING TING, XU DAN, INFEI YE, ZOU JIA QI, LIU ZHAO DI,

CHENG XIAO RONG, XIE ZHAO XI, HUANG DENIG QIANG, JIE ZHAO, LIN XIA MEI,

WENG FENG ZHU, JIA DE BAO, QIAO YAN PING, XI QIANG, TAO ZHU, LIN JIAN

PING, CAI ZHONG YING a/k/a NANCY LIN, WANG XUEMIN, JUNMIN JIA, LIU SU JUN,

2

FANMING WU, HUANG ZHI BING, CONGLONG LIN, LIU LIN FIANG, GUO XUE LIANG, MING FENQ GU, ZHENG YU TANG, CHEN WEIGUI, YU JIA LONG, LU XIAO YANG, LIU QIAO LING, CHEN JIAN SHENG, CAO CHUN LIN, CHEN JIAN, JIANG LONG SHENG, MA SHI LEI, JUNJIE JIA, HUANG JIAN XIONG, CHENG XIAN WEI, WANG ZHEN YONG, JIAN CHEN LIN, QIU LI SHAN, XIAN TING, WANSHAN LIN, CHEN QING CHONG, HUANG JIAN RUI, ZHIYAN LI, RUI YANG, YOU ZONG YANG, MI GUI YING, LU XIN LUAN, CHEN JIANFANG, RUI ZHANG IXIE, ZHIANG SHU, LIN YI CHUN, LI ZHAN, LU MINGZHI, WU ZHIYONG, WANG YUN MINGZHI, TIAN ZHENHUA, GUO ZHI BIN, MIAO CHUN LAN, WENG YI XIN, LIANG XIAOYANG, YIN LI YING, FAN QIANG, LI XUE FENG, GUAN WEI JIAN, SUN CUI RONG, XIU MINGZHI, CAI YUN JING, YE XIN ZHUO, CHEN SHUANG YING, CHEN YA BO, SU YUAN LIAN, GUO SUQING, LIN JUN QIN, WANG ZHI XIANG, XIE CHAO, FAN KEYANG, CAI YA QUAN, WENG YUAN DONG, CHEN SHUN JIN, XU WEIQUN, ZHU TING MING, JOHN and JANE DOES, and XYZ COMPANIES by electronic mail, and a proof of service having been filed on May 18, 2010, and the Defendants having answered neither the Complaint nor the Amended Complaint, and the time for answering the Amended Complaint having expired, and

This Court having found, upon a showing by Plaintiff, *inter alia*, the following:

1.      That Plaintiffs own all right, title and interest in and to the federally registered trademarks (collectively, "Plaintiffs' Marks") listed in Plaintiffs' Amended Complaint filed concurrently herewith and used in connection with products listed in Plaintiffs' Amended Complaint and incorporated herein by reference (collectively, "Plaintiffs' Products"); and

2.      Defendants are part of an on-line counterfeiting ring, operating a large, fluid network of websites, as set forth, in part, in **Exhibit A** to the Amended Complaint ("Defendants'

3

*NY 240,553,347v3*

Websites"), to offer for sale and/or sell merchandise -- including but not limited to apparel, backpacks, gloves and shoes bearing counterfeits of Plaintiffs' Marks ("Counterfeit Products") -- from China, to consumers in the United States, without authorization or permission, willfully deceiving consumers and causing confusion as to the origin of such goods, using no fewer than thirty-nine (39) combinations of counterfeit marks and goods and services according to the terms of 15 U.S.C. § 1117(c)(2) for the sale, offer for sale, and distribution of Counterfeit Products, entitling Plaintiffs to no more than $2,000,000 per counterfeit mark per type of goods or services sold; and

3.     That Defendants have registered and are using various domain names that are identical and/or confusingly similar to Plaintiffs' Marks, including 12polo.com, 4thenorthface.com, 91polo.com, addnorthface.com, authenticpolo.com, buytnf.com, cheerpolo.com, clothespolo.com, designerralph.com, googpolo.com, ilovethenorthface.com, laurenpolo.com, laurenpoloshirts.com, nicepolostore.com, nicepolostore.com, northface.cc, northfacecoming.com, northfacemountain.com, northfacecoming.com, northfaceoutdoor.com, northfaceoutletsale.com, north-face-sale.com, northfacesaleoutlet.com, northfacesalesoutlet.com, northfacesalestore.com, northfacesoutlet.com, northfacesupply.com, officepolo.com, officialnorthface.com, officialpolos.org, onlinenorthface.com, outdoornorthface.com, outletnorthface.com, polo4all.com, polo4sale.com, polocart.com, poloclothonline.com, poloearth.com, polohotsale.com, poloinfo.com, polomall.us, polonsale.com, polopolos.com, polo-ralph.com, poloralphsite.com, poloralphworld.com, poloshirtcompany.com, polo-shirts.us, poloshirts100.com, poloshirtsbuy.com, poloshirtssale.com, poloshirtsshop.com, poloshome.com, polostore.us, polostorebuy.com, polotops.com, polotou.com, polotrendy.com, polotshirtshan.com, ralphlauren100.com, ralphlaurendesigner.com, ralphlauren-polos.com,

4

salenorthfaces.com, sellpoloshirts.com, thenorthfacecoming.com, thenorthfacemoving.com, thenorthfacesaleonline.com, thenorthfacesaleshop.com, thenorthfacesalesonline.com, thenorthfacesalestore.com, thenorthfacesaleshop.co.uk, thenorthfaceshow.com, thenorthfacesupplier.com, thenorthfacetrade.com, thenorthface-uk.com, thenorthfaceukstore.com, tnfshopping.com, tonorthface.com, vivanpolo.com (collectively, the "Infringing Domain Names"), with a bad faith intent to profit;

4.     That Defendants have disregarded the Order and Preliminary Injunction issued by this Court and gone to great lengths to conceal and/or move outside of this Court's reach, their profits from the sale of Counterfeit Products; and so the Court

HEREBY FINDS that Defendants are liable for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114 and cybersquatting under 15 U.S.C. § 1125(d)(1); and so it is

ORDERED, ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1117(c)(2), the Plaintiffs be awarded statutory damages from the Defendants in the liquidated amount of $78,000,000; and

IT IS FURTHER ORDERED that monies currently restrained in Defendants' accounts held by PayPal, Inc., be released to Plaintiffs as partial payment of the above-mentioned damages; and

IT IS FURTHER ORDERED that Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them, including but not limited to Internet Service Providers, are permanently enjoined and restrained from:

> (i)     using Plaintiffs' federally registered trademarks (collectively, "Plaintiffs' Marks") or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs, or in any

5

> manner likely to cause others to believe that Defendants' products are connected
> with Plaintiffs or Plaintiffs' genuine merchandise bearing Plaintiffs' Marks; and
> (ii)     passing off, inducing or enabling others to sell or pass off any apparel,
> backpacks, gloves, shoes or other items which are not Plaintiffs' genuine
> merchandise as and for Plaintiffs' genuine merchandise; and
> (iii)    committing any other acts calculated to cause purchasers and/or the
> general public to believe that Defendants' products are Plaintiffs' genuine
> merchandise unless they are such; and
> (iv)    shipping, delivering, holding for sale, distributing, returning, transferring
> or otherwise moving, storing or disposing of in any manner apparel or other items
> falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or
> colorable imitation of same; and
> (v)     utilizing or registering any domain names that use or incorporate any of
> Plaintiffs' Marks; and
> (vi)    operating or hosting Defendants' websites; and
> (vii)   assisting any other person or business entity in engaging in or performing
> any of the activities referred to in the above subparagraphs (i) through (vi);

and

IT IS FURTHER ORDERED that Infringing Domain Names be transferred to

Defendants' ownership and control; and

IT IS FURTHER ORDERED that, in order to give practical effect to this Permanent

Injunction, the registry or registrar of each of the domain names that continue to be used by

Defendants for the sale of Counterfeit Products, goodgoodshop.com, ioffcr.com, lowestbest-

export.com, ebayholder.com, vogueport.com, ecsdeals.com, niceskechers.com, officialpolos.org,

searchbikini.com, ilikeshop.com, myshopbay.com, tradeglory.com, 51bab.com,

91handbags.com, fashionholder.com, huxhbuy.com, uggcardy.org, onlinepointstore.com,

retaillas.com, timberlandsky.com, groupshoes.com, mallabraod.com, and cheapgoodssale.com,

be disabled and transferred to the ownership and control of Plaintiffs, through the registrar of

their choosing; and

IT IS FINALLY ORDERED that the bond posted by Plaintiffs is hereby released.

6

Dated: New York, New York

Sep 8, 2010

The Honorable Alvin K. Hellerstein
United States District Court Judge

This document was entered on the docket on

_____.

7

# EXHIBIT 18

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 3, 2014

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

WARNER BROS. ENTERTAINMENT
INC.; TWENTIETH CENTURY FOX FILM
CORPORATION; COLUMBIA PICTURES
INDUSTRIES, INC.; SONY PICTURES
TELEVISION INC.; UNIVERSAL CITY
STUDIOS LLC; UNIVERSAL STUDIOS
HOME ENTERTAINMENT LLC; and
DISNEY ENTERPRISES, INC.,

                        Plaintiffs

      v.

JOHN DOE 1 a/k/a WANG WEI d/b/a
DVDSEA.COM; JOHN DOE 2 a/k/a BILL
UREY d/b/a CHEAPDVDMART.COM;
JOHN DOE 3 a/k/a JOY SENCHY d/b/a
DVDS-HOME.NET; JOHN DOE 4 a/k/a
OLYES CHEY d/b/a IDVDSET.COM;
JOHN DOE 5 a/k/a DVDSHOP AU d/b/a
DVDSHOPAU.COM; JOHN DOE 6 a/k/a
ECWARDS L d/b/a
ENTERTAINWHO.COM; JOHN DOE 7
a/k/a CAILYNA K d/b/a
TVSTOREDVD.COM; JOHN DOE 8 d/b/a
BOXSETSALES.COM; XYZ COMPANIES
1-100 and JOHN AND JANE DOES 9-100.

                       Defendants.

---

CIVIL ACTION NO. 14-CV-3492 (KPF)

*kpf*

~~[PROPOSED]~~ **DEFAULT JUDGMENT
AND PERMANENT INJUNCTION
ORDER**

        Plaintiffs WARNER BROS. ENTERTAINMENT INC., TWENTIETH CENTURY

FOX FILM CORPORATION, COLUMBIA PICTURES INDUSTRIES, INC., SONY

PICTURES TELEVISION INC., UNIVERSAL CITY STUDIOS LLC, UNIVERSAL

STUDIOS HOME ENTERTAINMENT LLC, and DISNEY ENTERPRISES, INC.

(collectively, "Plaintiffs"), having moved *ex parte* against JOHN DOE 1 a/k/a WANG

WEI d/b/a DVDSEA.COM, JOHN DOE 2 a/k/a BILL UREY d/b/a

CHEAPDVDMART.COM, JOHN DOE 3 a/k/a JOY SENCHY d/b/a DVDS-

HOME.NET, JOHN DOE 4 a/k/a OLYES CHEY d/b/a IDVDSET.COM, JOHN DOE 5

a/k/a DVDSHOP AU d/b/a DVDSHOPAU.COM, JOHN DOE 6 a/k/a ECWARDS L d/b/a

ENTERTAINWHO.COM, JOHN DOE 7 a/k/a CAILYNA K d/b/a

TVSTOREDVD.COM, JOHN DOE 8 d/b/a BOXSETSALES.COM, as well as XYZ

COMPANIES 1-100 and JOHN and JANE DOES 9-100 (collectively, "Defaulting

Defendants") for a Temporary Restraining Order, Order to Disable Certain Websites, Asset

Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary

Injunction (collectively, the "TRO") pursuant to Federal Rule of Civil Procedure 65 and the

Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*., as amended by the Trademark

Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting

Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing

Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13,

2008) (the "Lanham Act") and 17 U.S.C. § 501, *et. seq*. (the "Copyright Act"), for the

reason that Defaulting Defendants are copying, distributing, offering for sale and/or

selling, via the Internet, goods bearing counterfeit reproductions of the Plaintiffs' federally-

registered trademarks ("Plaintiffs' Marks") and infringing Plaintiffs' exclusive rights in

Plaintiffs' validly-owned copyrights ("Plaintiffs' Copyrights"), which trademarks and

copyrights are owned and/or controlled by Plaintiffs and used in connection with various

goods and services – including production of pre-recorded DVDs and Blu-ray discs (and

box sets thereof) featuring and promoting motion pictures and television programs, and

other related products listed in Plaintiffs' Complaint and incorporated herein by reference

(collectively, the "Plaintiffs' Products");

The Court having reviewed the Complaint, Memorandum of Law in support of the

Order, and supporting declarations and exhibits submitted therewith, issued the TRO on

2

May 15, 2014, and subsequently on May 29, 2014 issued a Preliminary Injunction Order ("Preliminary Injunction");

Said Defaulting Defendants having each been properly served with the Complaint, Summons, TRO and supporting papers, including notice of the show cause hearing held May 29, 2014;

None of the Defaulting Defendants having appeared at the show cause hearing, filed a response to Plaintiffs' moving papers, answered the Complaint or otherwise pleaded or defended in this action;

The Clerk of Court having entered a default against Defaulting Defendants on June 17, 2014;

Plaintiffs having moved for final default judgment under Fed. R. Civ. P. 55(b) on August 25, 2014 by Order to Show Cause for a Default Judgment and Permanent Injunction Order, and Order for Supplemental Injunctive Relief and Asset Restraint ("Order to Show Cause for a Default Judgment");

Plaintiffs having served on Defaulting Defendants the Order to Show Cause for a Default Judgment and papers in support of their application on August 26, 2014;

Defaulting Defendants having failed to respond to the application for Default or appear; and

Plaintiffs having shown through all papers and proceedings to date, inter alia, the following:

1.    Plaintiffs own all right, title and interest in and to Plaintiffs' Marks and Plaintiffs' Copyrights, each of which are valid and protectable and entitled to protection;

2.    Defaulting Defendants are copying, distributing, offering for sale and/or selling Infringing Products to buyers in the United States, including in this judicial district,

3

through a network of websites ("Infringing Websites") resolving at various domain names set forth in **Exhibit A** attached hereto;

      3.    The copying, distribution, offering for sale and sale of Infringing Products has resulted in immediate and irreparable injury to Plaintiffs;

      4.    Defaulting Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs' and this Court's detection, including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information for the Infringing Websites;

      5.    To the best of Plaintiffs' knowledge, Defaulting Defendants are not infants, incompetent or in the military service of the United States; and

      6.    Defaulting Defendants have failed to appear or otherwise defend this action, and so the Court:

HEREBY FINDS that each Defaulting Defendant is liable for federal trademark counterfeiting and infringement under 15 U.S.C. §§ 1114, 1117, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and copyright infringement under 17 U.S.C. §§ 106(1), 106(3) and 501, and this Default Judgment and Permanent Injunction Order ("Permanent Injunction") is entered against each Defaulting Defendant.

THEREFORE, IT IS HEREBY ORDERED, that Defaulting Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services used in connection with Defaulting Defendants' operations, having actual knowledge of this Permanent Injunction Order by service, actual notice or otherwise -- be, and are, hereby permanently enjoined and restrained from:

      (a)    using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable

4

imitation of the Plaintiffs' Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs; and

(b)     passing off, inducing or enabling others to sell or pass off any Infringing Products as and for Plaintiffs' Products; and

(c)     directly or indirectly infringing any of Plaintiffs' exclusive rights in Plaintiffs' Copyrights for motion pictures and television programs, whether now in existence or later created, including without limitation by copying, distributing, offering for sale or selling (via the Internet or through other means) any copies of Plaintiffs' copyrighted works, except pursuant to a lawful license or with the express authority of Plaintiffs; and

(d)     committing any acts calculated to cause purchasers to believe that Defaulting Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored by or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs; and

(e)     further infringing Plaintiffs' Marks, Plaintiffs' Copyrights and/or damaging Plaintiffs' goodwill; and

(f)     otherwise competing unfairly with Plaintiffs in any manner; and

(g)     shipping, delivering, holding for sale, copying, distributing, returning, transferring or otherwise moving, storing, or disposing of, in any manner, pre-recorded DVDs or Blu-ray discs, or box sets thereof, or other items falsely bearing Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of same, or reproducing or containing works protected

DWT 24465899v5 0067328-000009

by Plaintiffs' Copyrights (or any portions thereof); and

(h)    operating and/or hosting Defaulting Defendants' Infringing Websites; and

(i)    moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Infringing Products, Defaulting Defendants' Infringing Websites, and/or Defaulting Defendants' assets and operations; and/or

(j)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a)-(i).

***IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, in the event Plaintiffs identify any new websites ("Newly-Detected Websites") registered or operated by any Defaulting Defendant, including John Does, Jane Does and XYZ Companies, used in connection with the sale of Infringing Products, Plaintiffs shall have the ongoing authority, request from this Court by way of declaration an amendment to this Order to serve this Permanent Injunction on the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry, and/or the individual registrars holding and/or listing one or more of the domain names associated with the Newly-Detected Websites; and***

IT IS FURTHER ORDERED, that third parties providing services used in connection with Defaulting Defendants' Infringing Websites, Newly-Detected Websites, or other operations - including without limitation, web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search

6

results, sponsored links, and Internet keyword advertising) and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions, including without limitation, PayPal - having knowledge of this Permanent Injunction by service, actual notice or otherwise be, and are, hereby, once provided notice of this Permanent Injunction, permanently enjoined from providing services to any Defaulting Defendant, Infringing Website, or Newly-Detected Website, whether directly or through third parties, in conjunction with any of the acts set forth in subparagraphs (a)-(i) above; and it is further

ORDERED, that pursuant to 15 U.S.C. § 1117(c)(2), Plaintiffs are awarded statutory damages for willful copyright infringement of $75,000 per infringed work, in the amount of $80,100,000; and

IT IS FURTHER ORDERED that any monies currently restrained in various Defaulting Defendants' accounts held by PayPal, Inc. ("PayPal") are hereby released to Plaintiffs as partial payment of the above-mentioned damages; and

IT IS FURTHER ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Afilias Limited, and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names associated with Defaulting Defendants' Infringing Websites or Newly-Detected Websites, shall transfer the domain names associated with Defaulting Defendants' Infringing Websites or Newly-Detected Websites, including but not limited to those set forth in Exhibit A attached hereto, to Plaintiffs' ownership and control, including, inter alia, by changing the registrar of record to the registrar of Plaintiffs' choosing, unless Plaintiffs request that such domain names be held and/or released rather than transferred; and

7

IT IS FURTHER ORDERED that within twenty (20) business days after the Infringing Websites or Newly-Detected Websites are disabled, Plaintiffs shall serve this Permanent Injunction by email or other reasonable means to the contact information associated with that domain name in the WhoIs database or, at Plaintiffs' option, by placing a public notice on each of the Infringing Websites or Newly-Detected Websites that the domain names have been disabled pursuant to this Court's Order; and

IT IS FURTHER ORDERED that in accordance with this Court's inherent equitable powers and its power to coerce compliance with its lawful orders, until Plaintiffs have recovered the full payment of monies owed to them by any Defendant under this Default Judgment and Permanent Injunction Order, in the event Plaintiffs discover new monies or accounts belonging to or controlled by any Defaulting Defendant, or being used in connection with Defaulting Defendants' Infringing Websites, Newly-Detected Websites, or other websites, Plaintiffs shall have the ongoing authority to serve this Permanent Injunction on any party controlling or otherwise holding such accounts, including but not limited to any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal (collectively, "Account Holder"); and

IT IS FURTHER ORDERED that Account Holder shall immediately locate and restrain all accounts belonging to or controlled by such Defaulting Defendant, or being used in connection with Defaulting Defendants' Infringing Websites , Newly-Detected Websites, or other websites, from transferring or disposing of any monies or other of such Defaulting Defendant's assets, not allowing such funds to be transferred, withdrawn or have charges reversed and shall provide Plaintiffs with the information relating to those websites and/or accounts and related transactions; and

8

IT IS FURTHER ORDERED that after twenty (20) business days following the service of this Permanent Injunction on such Defaulting Defendant and Account Holder, Account Holder shall transfer all monies in the restrained accounts to Plaintiffs, unless the Defaulting Defendant has filed with this Court and served upon Plaintiffs' counsel a request that such monies be exempted from this Permanent Injunction; and

IT IS FURTHER ORDERED that any Defaulting Defendant may upon two (2) business days' written notice to the Court and Plaintiffs' counsel, upon proper showing, appear and move for the dissolution or modification of the provisions of this Permanent Injunction concerning the restriction upon transfer of such new monies or accounts belonging to or controlled by any Defaulting Defendant; and

IT IS FURTHER ORDERED that Plaintiffs may continue to obtain discovery by providing actual notice, pursuant to subpoena or otherwise, of this Permanent Injunction to any of the following: (1) Defaulting Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, merchant account providers, payment processors or providers, credit card associations, or other financial institutions, including without limitation, PayPal, which receive payments or hold assets on behalf of Defaulting Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites ; and/or (3) any third party service providers to Defaulting Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-Detected Websites , including without limitation, domain name registration privacy protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting providers, back-end service providers, affiliate program providers, web designers, shippers, search-based online advertising services (such as through paid inclusion, paid search

9

results, sponsored search results, sponsored links, and Internet keyword advertising), and

domain name registries and registrars who have provided services for Defaulting

Defendants, Defaulting Defendants' Infringing Websites, or Defaulting Defendants'

Newly-Detected Websites; and

IT IS FURTHER ORDERED that that any third party providing services in

connection with any Defaulting Defendant, Defaulting Defendants' Infringing Selling

Pages, Defaulting Defendants' Infringing Websites, or Defaulting Defendants' Newly-

Detected Websites, including without limitation, domain name registration privacy

protection services (e.g., Domains By Proxy and PrivacyProtect.org), web hosting

providers, back-end service providers, affiliate program providers, web designers, shippers,

search-based online advertising services (such as through paid inclusion, paid search

results, sponsored search results, sponsored links, and Internet keyword advertising), and

any banks, savings and loan associations, merchant account providers, payment processors

or providers, credit card associations, or other financial institutions, including without

limitation, PayPal, and domain name registries and registrars who have provided services

for Defaulting Defendants (collectively "Third Party Providers") shall within seven (7)

days after receipt of such notice, provide copies of all documents and records in such

person or entity's possession or control relating to:

(a)     The identities and addresses of Defaulting Defendants, their agents, servants,

employees, confederates, and any persons acting in concert or participation with them and

the locations and identities of Defaulting Defendants' operations, including without

limitation, identifying information associated with Defaulting Defendants' Infringing

Selling Pages, Defaulting Defendants' Infringing Websites and financial accounts;

(b)     Defaulting Defendants' Infringing Selling Pages and Defendants' Infringing

10

Websites;

    (c)    Any domain name registered by Defaulting Defendants; and

    (d)    Any financial accounts owned or controlled by Defaulting Defendants,

including their agents, servants, employees, confederates, attorneys, and any persons acting

in concert or participation with them, including such accounts residing with or under the

control of any banks, savings and loan associations, merchant account providers, payment

processors and providers, credit card associations, or other financial institutions, including

without limitation, PayPal.

    IT IS FURTHER ORDERED that the bond posted by Plaintiffs is hereby released;

and

    IT IS FINALLY ORDERED that this Court shall retain jurisdiction over the parties

and the subject matter of this litigation for the purpose of interpretation and enforcement of

this Permanent Injunction.

    SIGNED this _____3rd_____ day of ~~August~~ October, 2014.

_____

Hon. Katherine Polk Failla, USDJ

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** October 3, 2014

## Exhibit A

| Domain Name | Registrant Name |
|---|---|
| Dvdsea.com | Wang Wei |
| Cheapdvdmart.com | Bill Urey |
| Dvds-home.net | Joy Senchy |
| Idvdset.com | Olyes Chey |
| Dvdshopau.com | Dvdshop Au |
| Entertainwho.com | Ecwards L |
| Tvstoredvd.com | Cailyna K |
| Boxsetsales.com | Domain Administrator |