UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| DISH NETWORK L.L.C., AL JAZEERA MEDIA NETWORK, ASIA TV USA LTD., B4U U.S., INC., GEO USA LLC, IMPRESS TELEFILM, INC., MBC FZ LLC, MSM ASIA LTD., SOUNDVIEW BROADCASTING LLC, SOUNDVIEW ATN LLC, STAR INDIA PRIVATE LTD., and VIACOM18 MEDIA PRIVATE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> SHAVA IPTV NETWORK LLC, NADEEM BUTT, IMRAN BUTT, and NAEEM BUTT, individually and together d/b/a Shava TV Cres IPTV, Iraa Enterprises, and Maple Electronics, <br><br> Defendants. | Civil Action No. 1:15-cv-00706 (TSE/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff DISH Network L.L.C.'s ("DISH") Motion for Contempt against Defendants Imran Butt and Naeem Butt ("Defendants"). (Dkt. No. 130.) After Defendants failed to appear at the hearing on November 3, 2017, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the pleadings, the undersigned Magistrate Judge makes the following findings and recommends that DISH's Motion be **GRANTED**.

### I. INTRODUCTION

On June 5, 2015, DISH and the other plaintiffs filed this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, alleging copyright

1

infringement, trademark infringement, and unfair competition.[1] Defendants failed to submit responsive pleadings and did not appear at the June 24, 2016 hearing on Plaintiffs' Motion for Default Judgment. (Dkt. No. 120.) On January 24, 2017, the Court adopted the undersigned Magistrate Judge's Report and Recommendation, finding Defendants liable for copyright and trademark infringement. (Dkt. No. 124.) The Court ordered that Defendants be permanently enjoined from further infringing on DISH's exclusive rights in its copyrights and trademarks. (*Id.*) Although DISH sought other damages in the Amended Complaint, including the relief requested in DISH's Motion for Contempt, the Court considered only the damages pleaded in the Motion for Default Judgment. (Dkt. No. 120 at 2 n.1.)

On October 24, 2017, DISH filed its Motion for Contempt asserting that Defendants continue to infringe on DISH's rights in violation of this Court's January 24, 2017 Judgment Order (the "Judgment Order"). (Dkt. No. 130.) DISH now requests that the Court find Defendants in contempt of the January 24, 2017 Judgment Order. (Dkt. No. 130.) Additionally, DISH seeks an order directing third parties to cease providing infringing services to Defendants, as well as the transfer of the shavatv.com and asiaasia.nl domains. DISH further requests that the Court order the Defendants and their dealers to cease distributing, selling, and promoting Shava TV set-top boxes and services for as long as Defendants are infringing on DISH's rights. (*Id.*) Defendants failed to respond to DISH's Motion and also failed to appear at the November 3, 2017 hearing.

## II.   **FINDINGS OF FACT**

The facts of this case are fully set forth in the September 15, 2016 Report and Recommendation (Dkt. No. 120), the January 6, 2017 Supplemental Report and

---

[1] The operative Complaint, however, was filed on January 11, 2016, to add Defendant Naeem Butt to the action. (Dkt. No. 69.)

Recommendation (Dkt. No. 123), and the January 24, 2017 Judgment Order (Dkt. No. 124). Additionally, the undersigned Magistrate Judge finds that DISH has established the following facts. Defendants are violating the Judgment Order by airing channels that DISH holds the exclusive right to distribute and publicly perform in the United States (the "Protected Channels"). (Metral Decl. ¶ 2; *see also* Am. Compl. ¶¶ 23, 24, 37.) Specifically, Defendants are capturing broadcasts of the Protected Channels and unlawfully retransmitting them over the Internet throughout the United States to customers of Defendants' Shava TV and Cres IPTV services. (Metral Decl. ¶¶ 5-8.)

### III. DISCUSSION

As noted above, DISH requests that the Court find Defendants in contempt of the Judgment Order. DISH also seeks an order directing (1) third parties to cease providing services supporting Defendants' infringement; (2) registries and registrars to disable and transfer the shavatv.com and asiaasia.nl domains to DISH; and (3) Defendants and their dealers to cease distributing, selling, and promoting Shava TV set-top boxes and services for as long as Defendants are infringing on DISH's rights.

#### A. Civil Contempt

To establish civil contempt, a movant must satisfy each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) a showing that the decree was in the movant's favor; (3) a showing that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violation; and (4) a showing that movant suffered harm as a result.

*Omega World Travel, Inc. v. Omega Travel, Inc.*, 710 F. Supp. 169, 170 (E.D. Va. 1989), *aff'd sub nom. Omega World Travel, Inc. v. Omega Travel & Shipping Agencies, Inc.*, 905 F.2d 1530

(4th Cir. 1990) (internal quotation omitted); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). The undersigned finds that DISH established each element of a prima facie case for contempt by clear and convincing evidence, and Defendants failed to appear or respond.

The Judgment Order is a valid order issued by the Court in DISH's favor, of which Defendants have at least constructive knowledge. The Judgment Order was mailed to Defendants on January 24, 2017. (Dkt. No. 124.) Although mail was returned undeliverable to one of Defendant Naeem Butt's listed addresses (Dkt. No. 129), mail to the other address and to Defendant Imran Butt was not returned and, thus, presumed to be successfully delivered. Accordingly, Defendants were on notice that they are permanently enjoined from infringing on DISH's copyrights. Therefore, DISH satisfied the first and second elements of finding the Defendants in civil contempt.

DISH also demonstrated that Defendants violated the Judgment Order and had knowledge of their violation. Specifically, the Declaration of Pascal Metral details the instances of Defendants' infringement, going as far as to provide screen shots of the channels that Defendants are illegally airing. (Dkt. No. 130-2.) Defendants know they are violating the Judgment Order because, as noted above, Defendants received the Judgment Order and the September 15, 2016 Report and Recommendation, which provides details of how Defendants were infringing on DISH's copyrights. Thus, Defendants knowingly violated the Judgment Order.

Finally, the undersigned finds that DISH has suffered harm as a result of Defendants' violation of the Judgment Order. Notably, Defendants' violating conduct is similar to their infringing conduct that the Court previously found caused irreparable injury to DISH. (*See* Dkt. Nos. 120, 124.) As such, DISH satisfies all four elements by clear and convincing evidence.

Accordingly, the undersigned recommends a finding that Defendants are in contempt of court.

### B. Civil Contempt Sanctions

The Court has the inherent power to coerce compliance with its orders. *See generally Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 327 (1904) (explaining the purpose of contempt proceedings is to uphold the court's power and to secure a prevailing party's relief). The Court also has "broad discretion to fashion an appropriate coercive remedy . . . based on the nature of the harm and the probable effect of alternative sanctions." *United States v. Darwin Const. Co.*, 873 F.2d 750, 756 (4th Cir. 1989). Rule 65(d) governs the scope of permanent injunctions and provides that an injunction binds nonparties who (1) receive actual notice of it and (2) act "in active concert or participation" with the party that had been enjoined. *See* Fed. R. Civ. P. 65(d)(2). Thus, in fashioning appropriate sanctions, the Court may enjoin nonparties from engaging in conduct that violates a previously issued injunction. *See Tattoo Art, Inc. v. Tat Int'l LLC*, Civ. A. No. 2:10-cv-323, 2012 WL 3912572, at *3 (E.D. Va. Sept. 7, 2012) (asserting personal jurisdiction over nonparties who violated injunction against defendant); *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 647-48 (E.D. Va. 2007) (same).

Here, the Court must fashion an appropriate coercive remedy that will prevent Defendants from continuing to infringe on DISH's copyrights. To achieve this remedy, DISH requests that the Court order nonparties to cease providing infringing services to Defendants, the transfer of certain domains to DISH, and the cessation of Shava TV distribution. Because DISH explained the terms and attached a copy of the Judgment Order to the several cease and desist letters it sent to the nonparties (*see* Dkt. No. 130-1), DISH established that the nonparties have actual notice of the Judgment Order. For the reasons discussed below, the undersigned finds that the nonparties were acting in active concert with Defendants to infringe on DISH's copyrights.

*1. Third-party service providers*

DISH established that Defendants are using six third-party service providers to retransmit the Protected Channels. (Metral Decl. ¶ 7.) DISH contends that enjoining the third-parties from providing infringing services will prevent Defendants from violating the Judgment Order. (*See* Dkt. No. 131 at 5.) Indeed, Defendants' infringing conduct necessarily requires a service provider's assistance because Defendants retransmit the Protected Channels over the Internet. (*See* Dkt. No. 120 at 6.) Because Defendants retransmit the Protected Channels through the third-parties' IP addresses, the undersigned recommends that the third-party service providers be enjoined from providing these services that support Defendants' infringement.[2]

*2. Domain transfer to DISH*

DISH established that Defendants are using the domains shavatv.com and asiaasia.nl to conduct their infringing operations. (Metral Decl. ¶ 8.) Additionally, Defendants are using a computer server, identified by IP address 84.200.22.205, for updating Defendants' Shava TV set-top box and service. (*Id.* at ¶ 8.) DISH asserts that disabling the computer server and transferring the domain names to DISH will at least temporarily prevent Defendants from further infringing the Judgment Order. (*See* Dkt. No. 131 at 6.) The undersigned agrees and finds that by allowing Defendants to use the domains, the registries and registrars are acting in concert with Defendants to infringe on DISH's copyrights. Therefore, the undersigned recommends that the registries and registrars for shavatv.com and asiaasia.nl, which include VeriSign, SIDN, and United-Domains, be ordered to transfer the domain names to DISH.

*3. Third-party distributers*

Finally, DISH requests that the Court enjoin Defendants and third-party dealers from

---

[2] DISH identified the third-party service providers and the affiliated IP addresses in paragraph 7 of the Metral Declaration. (Dkt. No. 130-2.)

distributing, selling, and promoting the Shava TV set-top boxes and services.[3] (Dkt. No. 131 at 8.) As explained in the September 15, 2016 Report and Recommendation, the Shava TV set-top boxes are used to transmit the Protected Channels. (Dkt. No. 120 at 6-7.) In short, these set-top boxes are crucial to Defendants' infringing conduct. (*See id.*) Accordingly, the undersigned finds that by distributing, selling, and promoting the set-top boxes, the third-party dealers are acting in concert with Defendants to violate the Judgment Order. Therefore, the undersigned recommends that the third-party dealers be enjoined to prevent further infringement on DISH's copyrights.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends finding Defendants in contempt of the Court's January 24, 2017 Judgment Order (Dkt. No. 124) because Defendants continue to infringe on DISH's exclusive rights in its copyrights and trademarks. The undersigned Magistrate Judge further recommends enjoining third-party service providers and third-party dealers to cease providing infringing services to Defendants as well as the transfer of the domain names shavatv.com and asiaasia.nl to DISH.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

---

[3] The third-party dealers are identified in the Declaration of Timothy Frank. (Dkt. No. 130-1.)

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Imran Butt
52 West Park Avenue
Bradford, Ontario, L3Z 0A4
Canada

Naeem Butt
16 Peridot Road
Brampton, Ontario, L6P 0Z5
Canada

/s/
Ivan D. Davis
United States Magistrate Judge

February 2, 2018
Alexandria, Virginia

8